[No. 19262.    Department One.—January 25, 1894.]

## JOHN W. CRAIG, APPELLANT, *v.* SAN BERNARDINO INVESTMENT CO., RESPONDENT.

VACATING DEFAULT JUDGMENT—EXCUSABLE NEGLECT—MISTAKE OF SECRETARY OF CORPORATION—MISLEADING STATEMENT OF PLAINTIFF.—A judgment by default against a corporation is properly vacated for excusable neglect where it appears that the summons was served upon its secretary, and that he inquired of the plaintiff, who was a lawyer, if the fact that some of the defendants resided in another county would give all defendants thirty days within which to answer, and was informed that it would, and being misled by plaintiffs' statement did not at once refer the matter to an attorney, but waited until he could see the regular attorney of the corporation who resided in another county, and but for this assurance the corporation would have answered in time.

ID.—REFUSAL TO TRANSFER STOCK—ACTION FOR VALUE—AFFIDAVIT OF
MERITS.—Where the suit in which the default judgment was vacated
was brought to recover the value of certain shares of the stock of the
corporation on the ground that the defendant had refused to transfer
them on its books, and to issue a new certificate to the plaintiff, who
was the purchaser and assignee of the stock, an affidavit of merits show-
ing that the corporation never did refuse to transfer the stock, and that
the plaintiff has obtained a judgment for seventy-one thousand seven
hundred and fifty dollars for stock having no greater value than two
thousand and fifty dollars, is a sufficient showing of merits.

APPEAL from an order of the Superior Court of San
Bernardino County vacating a default and judgment.

The facts are stated in the opinion.

*Goodcell & Leonard,* and *Willis & Cole,* for Appellant.

The conversation of the secretary with the plaintiff
as to the time to answer in the case is no ground for
opening the default. (*De Armond* v. *Preacher's Aid
Soc.,* 94 Ind. 59; *Walker* v. *Shreve,* 87 Ill. 474; *Elliott* v.
*Shaw,* 16 Cal. 377; *Smith* v. *Watson,* 28 Iowa, 218.)

*Harris & Gregg,* and *M. T. Allen,* for Respondent.

The granting of an order setting aside the default
was in the discretion of the court, and will not be dis-
turbed upon appeal except for gross abuse. (*Underwood*
v. *Underwood,* 87 Cal. 523; *Reinhart* v. *Lugo,* 86 Cal. 395;
*Chamberlin* v. *County of Del Norte,* 77 Cal. 150; *Lodtman*
v. *Schluter,* 71 Cal. 94; *Dougherty* v. *Nevada Bank of San
Francisco,* 68 Cal. 275; *Hitchcock* v. *McElrath,* 69 Cal.
635; *Cameron* v. *Carroll,* 67 Cal. 500; *Huart* v. *Goyeneche,*
56 Cal. 429; *Davis* v. *Rock Creek etc. Co.,* 55 Cal. 359;
*Freeman* v. *Brown,* 55 Cal. 465; *Santa Barbara Co.* v.
*Thompson,* 46 Cal. 63; *Watson* v. *San Francisco etc. R. R.
Co.,* 41 Cal. 17; *Howe* v. *Independence Co.,* 29 Cal. 73;
*Lockwood* v. *Canfield,* 20 Cal. 126.) For a mistake of
law, relief may be had under section 473 of the Code of
Civil Procedure by setting aside the default. (*Douglass*
v. *Todd,* 96 Cal. 655.) The showing in this case was
sufficient to warrant the court in setting aside the de-
fault. (*Ordway* v. *Suchard,* 31 Iowa, 481; 5 Am. & Eng.

Ency. of Law, subject Default, page 496, note; *English* v. *English*, 87 N. C. 497.) All doubts are to be resolved in favor of an application to set aside a default to the end that parties may have a trial upon the merits of the cause. (*Buell* v. *Emerich*, 85 Cal. 116; *Wolff & Co.* v. *Canadian Pacific Ry.*, 89 Cal. 337; *Cameron* v. *Carroll*, 67 Cal. 500; *Lodtman* v. *Schluter*, 71 Cal. 94.)

TEMPLE, C.—This appeal is from an order vacating and setting aside a default and judgment, and permitting the defendant to answer.

The application was based on many grounds, one of which was that the default was through excusable neglect, and the order was upon terms.

Suit was brought to recover the value of certain shares of the corporate stock of the corporate defendant, on the ground that the said defendant refused to transfer the shares on its books and issue a new certificate to plaintiff, who was the purchaser and assignee of the stock.

Summons was served upon the secretary of the corporation, who was also a director, and it does not appear that any other officer of the corporation was aware of the controversy. The secretary, as he states in his affidavit, inquired of the plaintiff, who is a lawyer, if the fact that some of the defendants resided in another county would give all defendants thirty days within which to answer, and was informed that it would. For this reason he did not at once refer the matter to an attorney, but waited until he could see the regular attorney of the corporation, who resided at Los Angeles. But for this assurance he would have answered in time.

This is more than a mere mistake of law. The agent of the corporate defendant was misled, unintentionally no doubt, by the opposite party. Plaintiff should not be allowed to profit by this, even though it was with no design of gaining an unfair advantage.

There is a sufficient showing of merits. The affidavit shows that the corporation never did refuse to transfer

the stock, and that the plaintiff has obtained a judgment for seventy-one thousand, seven hundred and fifty dollars for stock which was not then, and has not been since, of the value of more than two thousand and fifty dollars.

I think the order should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., and PATERSON, J.