[Civ. No. 2333.   Third Appellate District.—October 19, 1921.]

ANDREW SAMPANES, Appellant, v. SAM CHAZES, Respondent.

[1] JUDGMENTS — DEFAULT — MOTION TO VACATE — DISCRETION — APPEAL.—In this action in which a complete settlement of all the matters in controversy was entered into between defendant and plaintiff, but in which the latter thereafter committed a breach of faith in failing to dismiss the action and in having the default of defendant entered, the affidavit of defendant, filed in support of his motion for an order setting aside the judgment, setting forth the above facts and that defendant did not learn of the default until some time after it was entered, showed a case appealing to the wise discretion of the trial court, and the appellate court could not say it was an abuse of that discretion to grant the motion.

[2] ID.—DELAY IN SEEKING RELIEF—SUFFICIENCY OF EXCUSE—APPEAL—PRESUMPTION.—Where the affidavit of defendant on motion for an order setting aside a judgment by default is supplemented by parol proof, but that testimony is not presented to the appellate court on appeal from the order granting defendant's motion, it must be presumed that such testimony furnished a complete and satisfactory excuse for any seeming remissness on the part of defendant in not sooner seeking relief from the judgment taken against him by default.

[3] ID.—AFFIDAVIT OF MERITS—VERIFIED ANSWER.—On a motion for an order setting aside a judgment by default, a sworn answer positively denying the material allegations of the complaint is a sufficient affidavit of merits.

APPEAL from an order of the Superior Court of Sacramento County setting aside a judgment by default and permitting the defendant to answer. Peter J. Shields, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Charles L. Gilmore for Appellant.

Ralph H. Lewis and A. B. Reynolds for Respondent.

BURNETT, J.—The appeal is from an order setting aside a judgment by default and permitting the defendant to answer. The motion for said order was based upon the ground of inadvertence, surprise, and excusable neglect. It

was supported by an affidavit of defendant and by oral testimony. The proceeding was taken under section 473 of the Code of Civil Procedure, and notice was given within six months of the entry of the default. [1] In the affidavit of defendant it appears that a complete settlement of all the matters in controversy was entered into between respondent and appellant on or about the twenty-first day of August, 1920, and it was agreed at the time that the action should be dismissed. It shows further a breach of faith on the part of appellant in failing to dismiss the action and in having the default of defendant entered. Therein it appears, also, that defendant did not learn of the default until some time after it was entered. The general features of the showing made, which we have thus outlined, show a case appealing to the wise discretion of the trial court, and we cannot say it was an abuse of that discretion to grant the motion. The principle that should control in such cases has been often set forth and it needs no repetition. It is sufficient to refer to the decision of the supreme court in the case of *Graig* v. *San Bernardino Inv. Co.,* 101 Cal. 122 [35 Pac. 558].

[2] If it should be thought that said affidavit was not sufficiently full in explanation of the delay of respondent in instituting the proceedings, we must remember that it was supplemented by parol proof. This not having been brought up, the presumption is, of course, that it furnished a complete and satisfactory excuse for any seeming remissness in that respect. The law is well settled that all intendments are in favor of the validity of the action of the trial court and of the regularity of the proceedings therein. (*McGowan* v. *Kreling,* 117 Cal. 31 [48 Pac. 980]; *Alferitz* v. *Cahen,* 145 Cal. 397 [78 Pac. 878].)

We may add that there is no virtue in the claim that the affidavit of merits is insufficient. Appellant in his quotation of it omitted this significant clause: "That affiant has fairly and fully stated the facts of the case." This is followed by the expression, "and those upon which he bases his defense to the above-entitled action," etc.

[3] Moreover, a verified answer was served and filed with the notice of the motion to set aside and vacate the judgment, and the motion, according to said notice, was based in part upon this answer. Therein was a denial of all the material

allegations of the complaint which could possibly be construed as entitling plaintiff to any relief. "A sworn answer positively denying the material allegations of the complaint is a sufficient affidavit of merits." (*Fulweiler* v. *Hog's Back Con. Min. Co.*, 83 Cal. 126 [23 Pac. 65].)

We are not unmindful of the other points made by respondent which it is claimed should lead to an affirmance of the judgment, including the contention that the record is not sufficiently authenticated and that the complaint fails utterly to state a cause of action, but as the matter to which we have directed specific attention seems decisive of the controversy, any further consideration would appear useless.

The order is affirmed.

Prewett, J., *pro tem.*, and Finch, P. J., concurred.