[Civ. No. 10677.   Second Appellate District, Division Two.—January 30, 1936.]

HOWARD J. SHEEHAN, Respondent, v. THE PIONEER LUCKY STRIKE GOLD MINING COMPANY (a Corporation), Appellant.

Pelton & Warne and Clore Warne for Appellant.

Edward A. Adams and Lee J. Myers for Respondent.

WOOD, J.—Defendant appeals from an order of the superior court setting aside a judgment of dismissal of plaintiff's action. A demurrer to the second amended complaint was sustained with leave to amend within ten days. Upon the failure of plaintiff to amend within the time allowed a judgment of dismissal was entered upon application of defendant. A motion to set aside the judgment of dismissal was made under section 473 of the Code of Civil Procedure and granted by the court.

Plaintiff presented for filing his verified third amended complaint and relied upon this pleading for a showing of merit. Counsel for defendant do not contend that a sufficient showing was not made to excuse the failure of plaintiff to amend within ten days. Neither do they contend that a verified amended complaint may not serve as a sufficient showing of merit. Counsel for defendant contend, however, that the third amended complaint does not set forth facts sufficient to entitle plaintiff to judgment. They also assert that certain statements made by plaintiff upon the taking of his deposition are contradictory of allegations made in his third amended complaint. Upon these grounds they ask this court to rule that the order should be reversed for an insufficient showing of merit.

Upon this appeal the court is concerned with the legality of the order setting aside the judgment of dismissal. The merits of the action are to be determined by the trial court. The third amended complaint may be attacked in the trial court on demurrer and the alleged falsity of the allegations of the complaint determined upon the trial of the action if it reaches that stage. It is well settled that in proceedings of this nature the court should not try the merits of the action but should permit the filing of affidavits by the respective parties on the subject of the excuse for permitting the default. (*Gracier et al.* v. *Weir*, 45 Cal. 53; *Francis* v. *Cox*, 33 Cal. 323; *Douglass* v. *Todd*, 96 Cal. 655 [31 Pac. 623, 31 Am. St. Rep. 247].) In *Waybright* v. *Anderson*, 200 Cal.

374 [253 Pac. 148], the court said: "It is true that affidavits of merits were not filed herein, but under the doctrine of *Sampanes* v. *Chazes, supra* (54 Cal. App. 612 [202 Pac. 462]), the service and filing of verified amended complaints rendered unnecessary the presentation and filing of affidavits of merits. We are not prepared to hold that said verified amended complaints fail to state causes of action, as urged by the appellants, for this question is primarily one to be decided by the trial court."

The order is affirmed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.