168 Cal.App.2d 110 (1959)
SUNRU CHANG, Respondent,
v.
CARSON ESTATE COMPANY (a Corporation), Appellant.
Civ. No. 23185. 
California Court of Appeals. Second Dist., Div. Two. 
Feb. 19, 1959.
 Herbert Gall, Glen A. Duke and Edward Fitzpatrick for Appellant.
 Aaron B. Rosenthal for Respondent.
 FOX, P. J.
 This is an appeal by defendant from an order made under section 473, Code of Civil Procedure, setting aside a judgment of dismissal and permitting plaintiff to file a third amended complaint. [fn. 1]
 On September 18, 1957, the court sustained defendant's demurrer to plaintiff's second amended complaint and gave 10 days in which to file an amended complaint. On that same date a substitution of attorneys was executed by which plaintiff undertook to represent herself. No amended complaint having been filed in the time allowed, counsel for defendant served notice (together with an affidavit and points and authorities) that on November 7, 1957, he would make a motion to dismiss the action. Plaintiff thereupon employed Ven O. Fahrney, *112 Esq., to represent her, and delivered to him the notice of motion and papers in relation thereto. Fahrney arranged with counsel for defendant for a continuance of one week with the understanding that the latter would appear on the 7th and make necessary arrangements with the court for the continuance. Fahrney relied on this arrangement and was not present on November 7 for the hearing. Upon returning to his office on November 12 Fahrney had a letter from defendant's attorney to the effect that due to the court's refusal to continue the matter unless it was to a date early in December, the matter was submitted and that an opportunity would be afforded him to take action prior to decision. The court, on Friday, November 15, granted defendant's motion to dismiss. On Monday, November 18, Fahrney apparently without any knowledge of the court's action, filed plaintiff's third amended complaint, points and authorities, and affidavit in opposition to defendant's motion to dismiss.
 Thereafter, on November 27, plaintiff filed notice of motion, pursuant to section 473, Code of Civil Procedure, which was accompanied by an affidavit and points and authorities, to set aside the order of November 15 dismissing the action. She also sought permission to file the pleading theretofore submitted, viz., the third amended complaint. The motion was based on the attached affidavit, points and authorities, and on the records and files in the case. On December 3 plaintiff filed an amended notice of motion. Counsel for defendant filed an affidavit and points and authorities in opposition to plaintiff's motion. On December 9 the court granted plaintiff's motion and allowed defendant 10 days to plead. It is from the order granting plaintiff's motion that defendant appeals.
 [1] Plaintiff contends that the order under review is nonappealable. As the order of dismissal was a final judgment (Jeffers v. Screen Extras Guild, Inc., 107 Cal.App.2d 253, 254 [237 P.2d 51]; Colby v. Pierce, 15 Cal.App.2d 723, 724-725 [59 P.2d 1046]), the order of December 9, 1957, setting aside the prior dismissal is clearly a special order made after judgment and is therefore appealable. (Code Civ. Proc., 963; Colby v. Pierce, supra.)
 [2] It is well settled that a motion to set aside a default judgment or dismissal rests in the sound discretion of the trial court and an appellate court will not disturb the trial court's determination in the absence of a clear showing that there has been an abuse of discretion. (Waybright v. Anderson, 200 Cal. 374, 377 [253 P. 148]; Estate of McCrae, 133 *113 Cal.App.2d 634, 636-638 [284 P.2d 914]; Fickeisen v. Peebler, 77 Cal.App.2d 148, 151 [174 P.2d 883].)
 It is the defendant's position that the trial court abused its discretion in that plaintiff's notice of motion was not accompanied by an affidavit of merits and that plaintiff's complaints, including her proposed third amended complaint, fail to state a cause of action.
 [3] An affidavit of merits is not required where a verified amended complaint is filed prior to or with the filing of the notice of motion. (Waybright v. Anderson, supra, at p. 380; Sampanes v. Chazes, 54 Cal.App. 612, 613-614 [202 P. 462].) [4] While it is generally true that the question of the sufficiency of the verified complaint is for the trial and not the appellate courts (Waybright v. Anderson, supra; Sheehan v. Pioneer L. S. G. Min. Co., 11 Cal.App.2d 530, 531-532 [54 P.2d 72]), yet if it unquestionably appears that no cause of action is stated, the trial court's granting of the motion will be considered as an abuse of discretion. (Doyle v. Rice Ranch Oil Co., 28 Cal.App.2d 18, 21 [81 P.2d 980].) [5] The court, in the Doyle case, stated at page 21 that "notwithstanding the general rule that the power of the trial court should be liberally exercised with regard to proceedings so as to dispose of cases upon their merits and without unreasonable delay, nevertheless the rule does not appear to go to the extent of permitting the opening of a default for the purpose of filing an amended complaint that states no cause of action."
 [6a] For reasons more fully set forth below, we are of the opinion that plaintiff's third amended complaint clearly states no cause of action and, therefore, it was an abuse of discretion requiring a reversal for the trial court to grant her motion to set aside the dismissal.
 Plaintiff, for many years, leased certain real property from the defendant. The leases were for a term of one year, and were renewed each year by the parties over a period of 17 years. Defendant declined to renew the lease for 1957, having returned plaintiff's check for the rental in December, 1956, and, thereafter in June 1957, recovered a judgment for possession of the premises at the conclusion of an unlawful detainer proceeding.
 The concluding paragraphs of plaintiff's third amended complaint allege as follows: "That defendant Carson Estate Company has prosecuted and taken to final judgment an action ... for Unlawful Detainer and that pursuant to said judgment, plaintiff, Sunru Chang, has been forcibly removed *114 from the premises described above and her personal property left upon the land, due solely to the fact that she did not receive sufficient notice of the intention of the defendant not to renew her lease, and as a result thereof, plaintiff's property has been sold for sums representing only a fraction of the true value of said items, to plaintiff's damage in the sum of Eight Thousand Dollars, to wit: [plaintiff here lists various items of property including boxes, a gas stove, a tractor, a two wheel trailer, et cetera]."
 "That due solely to the fact that defendant Carson Estate Company did not give plaintiff sufficient notice of their intention not to renew her lease of the premises described above, and allowed her to remain on said lease for a period of sixty (60) days before receiving notice to quit, which was a period equal with that which plaintiff had enjoyed in the past before signing her new lease, plaintiff was not able to properly harvest her crops planted prior to the date she did receive such notice, and as a result of which she has been damaged in the sum of Twenty Thousand Dollars ($20,000.00), the reasonable value of her crops."
 Plaintiff also alleged that it was orally represented to her that defendant would renew the lease from year to year for a total of 20 years and that plaintiff relied on such oral representation.
 The third amended complaint shows on its face that the defendant's right to possession was judicially determined and that upon the defendant's refusal to enter into a new lease the plaintiff had no right to further possession of the premises covered by the prior lease. The mere fact that defendant exercised its legal right not to renew the lease and did not give plaintiff as much notice as she felt was proper, does not in itself make defendant responsible for any loss plaintiff may have suffered by reason of her not harvesting the crops planted prior to the time she did receive notice of defendant's intention not to execute a new lease. If plaintiff's reliance on defendant's oral representations or prior course of conduct in renewing the lease for 17 years did or could have amounted to an estoppel, this was a matter which either was or could have been litigated in the unlawful detainer proceeding (see Schubert v. Lowe, 193 Cal. 291, 295 [223 P. 550]) and is therefore res judicata. (See Fairchild v. Bank of America, 165 Cal.App.2d 477 [332 P.2d 101].)
 With respect to the sale of the personal property for which plaintiff seeks damages, her first amended complaint alleged *115 "that defendant has commenced an action for Unlawful Detainer ...; that the complaint alleges termination of the term for which the premises were leased, demand in writing for possession by defendant within three days, failure of plaintiff to surrender possession, and a prayer for possession and Thirty- seven Dollars and Fifty Cents ($37.50) per month as rental; .... On June 13, 1957, Judgment was entered in favor of defendant; that on July 17, 1957, the Marshal of Los Angeles County has noticed a sale for July 23, 1957, pursuant to a writ of execution, of every article and all improvements on said Lease No. 9."
 "If defendant is not restrained and enjoined from holding said sale and further taking advantage of said judgment in the Municipal Court, and plaintiff is not allowed a reasonable time in which to vacate said premises, plaintiff will be damaged irreparably, in that plaintiff will have no means of harvesting plaintiff's crop; that plaintiff will lose the value of seventeen years of labor, and the value of all of the improvements placed by plaintiff upon said land. ..."
 It is clear that if the allegation in the first amended complaint, to the effect that the personal property was executed upon and was to be sold by the marshal pursuant to a writ of execution, had been included in the third amended complaint no cause of action would be stated as to this property. This is true for plaintiff would be seeking to impose liability for alleged damages arising from the lawful sale of property pursuant to a final and valid judgment while in no manner attacking any aspect of the transaction other than indirectly questioning the wisdom of the unlawful detainer judgment which plaintiff alleges in her third amended complaint to be a final judgment.
 The only question, then, is whether we can, in reviewing the instant pleading, look to allegations contained in earlier pleadings but omitted from the present complaint. That such may be done is supported by adequate authority.
 [7] In Wennerholm v. Stanford University School of Medicine, 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358], the court stated: "If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation, without explanation, in a later pleading." In Neal v. Bank of America, 93 Cal.App.2d 678, 682 [209 P.2d 825], the court stated: "Facts once alleged, however, cannot be withdrawn from consideration by merely filing an amended pleading omitting them without *116 explanation. (Citations.) Accordingly, in determining defendant's motion, the court was fully justified in examining and considering the original complaint. (Citations.) So considered, the 'amended' complaint was no better than the original complaint." (See also Harrison v. Hanson, 165 Cal.App.2d 370, 377 [331 P.2d 1084].)
 [6b] Therefore, plaintiff states no cause of action as to her personal property for the complaints affirmatively show that such property was sold by the marshal pursuant to a writ of execution following a final judgment, the validity of which was never questioned.
 As previously noted, a demurrer was sustained to plaintiff's second amended complaint on the ground that no cause of action was stated. A casual comparison of the second and third amended complaints reveals that they are in all material respects identical. [fn. 2] As it is apparent that the third amended complaint clearly failed to state a cause of action, it was an abuse of discretion to vacate the dismissal and permit the filing of such amended complaint.
 The order vacating the dismissal is reversed.
 Ashburn, J., and Herndon, J., concurred.
NOTES
[fn. 1] 1. The order inadvertently allows plaintiff to file her "Answer." This was due to the error of plaintiff's then counsel in referring in his notice of motion to the proposed pleading as an answer rather than as the third amended complaint, which designation it bore. No one was misled.
[fn. 2] 2. Paragraphs I, II, III, VII and X are identical. The remaining paragraphs in the second and third amended complaints are the same except for the following allegations which appear in the latter pleading only: "pursuant to said agreement that the lease would be renewed year to year for a period of twenty (20) years" (added to para. IV); "that the lease would be renewed from year to year for a period of twenty years" (added to para. V); "to wit, twenty (20) years from July 1, 1946" (added to para. VI); "for a period of Twenty (20) years from July 1, 1940" (added to para. VIII); "but no demand was made to deliver up the leased premises" (added to para. IX); "and allowed her to remain on said lease for a period of sixty (60) days before receiving notice to quit, which was a period equal with that which plaintiff had enjoyed in the past before signing her new lease" and "the reasonable value of her crops." (Added to para. XI.)