[No. B012211. Second Dist., Div. Five. Mar. 23, 1988.]

RICHARD CONTRERAS et al., Plaintiffs and Respondents, v.
BLUE CROSS OF CALIFORNIA et al., Defendants and Appellants.

**COUNSEL**

Paul, Hastings, Janofsky & Walker, Dennis H. Vaughn, Wesley A. Hubanks and Paul W. Cane, Jr., for Defendants and Appellants.

Geffner & Satzman and Helena S. Wise for Plaintiffs and Respondents.

**OPINION**

**ASHBY, Acting P. J.**—Numerous plaintiffs brought this action, basically for wrongful discharge, against defendants Blue Cross of California and others. Due to a procedural quirk, this matter is before us on appeal even though the practical effect of the challenged order was to permit plaintiffs to file a first amended complaint, which is not ordinarily an appealable order, and even though the first amended complaint has apparently been superseded by a subsequent amended complaint.

The appeal arose this way: A demurrer to the original complaint was sustained with leave to amend. Plaintiffs failed to amend within the time permitted by leave to amend, and defendants moved to dismiss the action pursuant to former Code of Civil Procedure section 581, subdivision (c). Plaintiffs opposed the motion to dismiss and promptly submitted the first amended complaint, urging that extenuating circumstances had prevented filing it in time, but the trial court dismissed the action first, telling plaintiffs that their remedy was under Code of Civil Procedure section 473 to set

aside the dismissal. The granting of the motion to dismiss was treated by the parties as an effective order of dismissal. Plaintiffs promptly moved pursuant to section 473 to set aside the order of dismissal, and the trial court granted plaintiffs' motion. Thus, although the practical effect of this ruling was simply to permit plaintiffs to file a first amended complaint, this was an appealable order because it set aside a prior order of dismissal. (Code Civ. Proc., §§ 473, 904.1, subd. (b); *Sunru Chang* v. *Carson Estate Co.* (1959) 168 Cal.App.2d 110, 112 [335 P.2d 697].) Defendant Blue Cross (appellant) filed notice of appeal from the order vacating the prior order of dismissal.

■ This unnecessary pretrial appeal would have been avoided if the trial court had simply denied appellant's motion to dismiss. Confusion arose when the court purported to grant the motion to dismiss subject to vacating such order pursuant to Code of Civil Procedure section 473. Contrary to the trial court's apparent reasoning, the court had *discretion* to grant or deny appellant's motion to dismiss. (*Harding* v. *Collazo* (1986) 177 Cal.App.3d 1044, 1054 [223 Cal.Rptr. 329]; *Sousa* v. *Capital Co.* (1963) 220 Cal.App.2d 744, 754 [34 Cal.Rptr. 71]; former Code Civ. Proc., § 581, subd. (c), Stats. 1984, ch. 1705, § 2, pp. 6175-6176.) The trial court's minute order cited *Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781 [176 Cal.Rptr. 104, 632 P.2d 217], but we find nothing in that case which compelled the trial court to dismiss the action initially. The holding of *Wells* was that a plaintiff has no absolute right to voluntarily dismiss his own action in order to avoid a dismissal on a motion by defendant under Code of Civil Procedure section 581, subdivision (c) [then subdivision (3)]. The majority opinion recognized the court's power to extend the plaintiff's deadline for amending by "appropriate order." (*Id.* at p. 789.) The dissenting opinion, which may have been the source for the trial court's confusion, stated, "The failure to amend does not ipso facto mean the plaintiff has opted to stand on the complaint. There may be an acceptable reason for not amending within the time limits or the plaintiff may intend to move for relief under section 473." (*Id.* at p. 790.) This statement does not mean the court must dismiss the action first then vacate the order of dismissal pursuant to Code of Civil Procedure section 473. After all, the first paragraph of section 473 permits the court to allow amendments to the complaint and to extend the time in which to plead.

Under all the circumstances we shall treat the appeal as a valid appeal from an order setting aside a prior order of dismissal, but we shall focus only on the narrow issue involved and not upon subsequently filed complaints beyond the scope of this appeal.

Appellant's opening brief states that appellant "would not have appealed if this were a garden-variety case under [Code of Civil Procedure] § 473."

■ Appellant contends that the original complaint contained allegations which rendered it defective, and that the first amended complaint was basically the same but with the offensive allegations improperly omitted. Appellant contends this is one of those cases in which a pleader should not be permitted to withdraw allegations in a prior pleading, and that in such circumstances the trial court abused its discretion by granting relief under Code of Civil Procedure section 473. (*Sunru Chang* v. *Carson Estate Co., supra,* 168 Cal.App.2d at pp. 115-116.) This contention is wholly without merit. Plaintiffs' proposed first amended complaint was not a sham pleading designed to untruthfully omit a fatal and incurable defect; it was a proper attempt to amend to state valid causes of action consistent with a complex and developing field of law.

Numerous individual plaintiffs and causes of action are involved. Basically, plaintiffs were hired as sales persons for appellant. The 13 causes of action in the first amended complaint allege wrongful discharge, wrongful cancellation of agency agreement, deceit and breach of statutory duty under Labor Code section 970, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress and age discrimination. Plaintiffs allege that appellant broke numerous promises, representations and agreements with them involving such matters as career opportunities, permanent employment, personnel policies for fair termination procedures, sales leads, commissions, sick leave, health insurance, pension benefits, severance pay, chargeback fund, longevity bonuses, vacation leaves, transfer, and expense accounts for work at outlying branch offices, and that in August 1983 appellant abruptly terminated plaintiffs and gave them the option of becoming independent agents for a Blue Cross subsidiary.

Appellant seizes upon various statements in the original complaint and especially paragraph 147 of the original complaint, involving the cause of action for age discrimination, which stated that "the actions of BLUE CROSS as more fully described above were unlawfully and intentionally engaged in for the express purpose of depriving plaintiffs of the benefits to which they would be entitled, including but not limited to retirement and pension benefits." Appellant contends this shows that plaintiffs' entire complaint is directed to the deprival of benefits covered by the federal Employee Retirement Income Security Act of 1974, 29 United States Code section 1001 et seq. (ERISA), for which exclusive jurisdiction is vested in the federal courts. (*Johnson* v. *Trans World Airlines, Inc.* (1983) 149 Cal.App.3d 518, 521 [196 Cal.Rptr. 896].) According to appellant's theory, once having alleged that appellant acted to deprive plaintiffs of benefits including retirement and pension benefits, plaintiffs may never amend this allegation, and their entire complaint, regardless of subsequent amendment, should be

construed as one within the exclusive jurisdiction of the federal courts. There is no merit to this contention.

In *Sunru Chang* v. *Carson Estate Co., supra,* 168 Cal.App.2d at pages 115-116, relied upon by appellant, the two complaints were virtually identical except for the omission in the later complaint of facts showing that the same matter had been determined in a prior suit and was therefore res judicata. The rule cited by appellant is intended to prevent sham pleadings omitting an incurable defect in the case. ■ However, "[r]ules of pleading are conveniences to promote justice and not to impede or warp it. We do not question the rule that all allegations of fact in a verified complaint, which are subsequently omitted or contradicted, are still binding on the complainant. The rule is valid and useful, but it does not exist in a vacuum and cannot be mechanically applied. It is a good rule to defeat abuses of the privilege to amend and to discourage sham and untruthful pleadings. It is not a rule, however, which is intended to prevent honest complainants from correcting erroneous allegations of generic terms which may have legal implications but which are also loosely used by laymen or to prevent the correction of ambiguous statements of fact." (*Macomber* v. *State of California* (1967) 250 Cal.App.2d 391, 399 [58 Cal.Rptr. 393].)

■ In a case like this, with numerous individual plaintiffs having individual circumstances and with a wide variety of employment promises alleged to have been broken, possible federal preemption under ERISA is not a simple, blatant and incurable defect such as res judicata or delay beyond the statute of limitations. ERISA does not preempt the entire state law of employment relationships. Both *Johnson* v. *Trans World Airlines, Inc., supra,* 149 Cal.App.3d at pages 523-530, and the trial court in sustaining the demurrer to plaintiffs' original complaint recognized that valid state causes of action could exist. The order sustaining the demurrer to the original complaint expressly contemplated that plaintiffs be allowed to amend to state causes of action not barred by ERISA. Plaintiffs had the right to amend to clarify their claims in light of the complex and developing law. (*Blakey* v. *Superior Court* (1984) 153 Cal.App.3d 101, 107 [200 Cal.Rptr. 52]; *Macomber* v. *State of California, supra,* 250 Cal.App.2d at p. 399.) The first amended complaint in this case was extensively reorganized and improved and was not, as in *Sunru Chang* v. *Carson Estate Co., supra,* 168 Cal.App.2d at page 116, nearly identical to the original complaint. The first amended complaint was not the type of sham pleading to which the rule of *Sunru Chang* v. *Carson Estate Co., supra,* applies. To hold that *Sunru Chang* required the court to deny plaintiffs' request for relief under Code of Civil Procedure section 473 would result in a windfall for

appellant, unrelated to the potential merit of any of the causes of action stated in the first amended complaint.

Despite appellant's statement that appellant's argument under ERISA and *Sunru Chang* v. *Carson Estate Co., supra,* is what distinguishes this appeal from "a garden-variety case under [Code of Civil Procedure] § 473," appellant also claims that the trial court erred in finding excusable neglect under section 473. The demurrer to the original complaint was sustained on October 12, 1984, with leave to amend in 60 days. Appellant extended plaintiffs' time to January 15, 1985, but moved to dismiss on January 18. Plaintiffs opposed the motion to dismiss and submitted the first amended complaint on January 22. Appellant's claim that plaintiffs' counsel did not make an adequate showing of excusable neglect for the slight additional delay is entirely without merit. Plaintiffs' counsel submitted a detailed declaration which established, among other factors, she was the sole counsel from her firm assigned to this case; 58 individual plaintiffs remained active members of the lawsuit; her law firm broke up in December, resulting in the work of 5 attorneys being redistributed to 3; in December she received an appellate court opinion which required her to prepare a petition for hearing to the Supreme Court; she conferred with 40 of the plaintiffs to prepare answers to interrogatories due on January 15; the issues raised by this case and by the prior demurrer were very complex; on January 5 she fractured her right elbow and wrist, forcing her to wear a sling and substantially impairing her mobility and writing ability; and on January 15 she tried to obtain an extension of time from a court commissioner but he refused to entertain it. Appellant's claim that the trial court could not consider this to be excusable neglect, or that the court should have first allowed appellant to depose plaintiffs' counsel and subpoena her files to impeach her claim of workload, is without any merit. (See generally *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233-235 [211 Cal.Rptr. 416, 695 P.2d 713].)

Thus the trial court did not err in vacating the order of dismissal. That is the only order before us on this appeal. We do not review subsequent complaints and demurrers which we are informed occurred after the order which we are affirming.

The order under Code of Civil Procedure section 473 vacating the prior order of dismissal is affirmed.

Boren, J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.