Filed 12/3/13  Dareing v. Summers CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANDREA G. DAREING,<br><br>　　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>JIM SUMMERS,<br><br>　　　Defendant and Respondent. | A136955<br><br><br>(Alameda County<br>Super. Ct. No. HG10523842) |

Plaintiff Andrea G. Dareing appeals from an order denying her motion to set aside an order of dismissal pursuant to Code of Civil Procedure section 473, subdivision (b) (section 473(b)).  We affirm.

BACKGROUND

In 2010, Dareing, acting in propia persona, filed a complaint against defendant Jim Summers for breach of contract and fraud.  Summers demurred and Dareing amended her complaint before the demurrer hearing.  Summers demurred to the first amended complaint, and his demurrer was sustained on the ground that the complaint was "largely unintelligible" and left the court "unable to discern . . . what wrongdoing [Dareing] is asserting against [Summers] and the specific facts upon which she bases [her] claims."  The court granted Dareing leave to amend and provided her with detailed instructions about the applicable pleading requirements.  Dareing filed a second amended complaint which fared no better than her first.  In a September 23, 2011 order, Summers's demurrer

1

to this complaint was sustained on the ground that the complaint "continues to be largely unintelligible." Dareing was granted leave to amend, again with specific instructions regarding pleading requirements.

On October 12, 2011, Dareing filed a document entitled "Notice of Objection and Reply to Defendant Jim Summers Demurrer By Plaintiff's Third Amended Complaint." Summers construed this document to be a third amended complaint and again demurred. In January 2012, the trial court sustained the demurrer, finding the complaint not timely filed, not in compliance with the Rules of Court, and "still . . . not stat[ing] a cognizable cause of action under California law." Because Dareing failed to demonstrate she could cure the defects, the court denied her leave to amend and dismissed the action.

In May 2012, Dareing apparently served on Summers, but did not file with the court, a motion to set aside the January 2012 order pursuant to section 473(b). Summers, unaware the motion had not been filed, filed an opposition and Dareing filed a reply. In her reply brief, Dareing stated she was "removed" from her home on or about May 9, 2011, was homeless and slept in her car for "many months," and had to put a close family pet to sleep. Her contention appears to be that but for such circumstances, she would have filed an adequate third amended complaint. After a hearing, the court denied Dareing's motion because she "has not demonstrated mistake, inadvertence, or excusable neglect."[1]

DISCUSSION

Section 473(b) authorizes a court to grant a party discretionary relief from "a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear

---

[1]  The trial court found the motion might alternatively be one for reconsideration or leave to file a fourth amended complaint and, if so, denied such motion as well. On appeal, Dareing only argues she was entitled to relief under section 473(b). Accordingly, we only review that portion of the order.

2

showing of abuse.'  [Citation.]"  (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.)

As an initial matter, as noted above, Dareing's section 473(b) motion and any accompanying papers were never filed with the trial court.  Although a copy was provided to the court on the day of the hearing, it is not clear whether the court considered or even read them.  Summers does not contend the failure to file the written motion is fatal to Dareing's claim; we assume without deciding that it is not.  Nonetheless, as the motion and any accompanying documents were never filed below, they are not part of the record on appeal.  As the hearing was not reported, the only support for Dareing's motion before the trial court contained in the record before us is the reply brief she filed below.

"In order to qualify for relief under section 473, the moving party . . . must submit affidavits or testimony demonstrating a reasonable cause . . . .  [Citation.]"  (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 234; accord, 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 179, p. 779 ["To obtain discretionary relief [under section 473(b)], the moving party must show, by affidavit or other proof, a reasonable excuse."].)  No affidavit or other proof from Dareing appears in the record; instead, she simply asserted the relevant facts in her reply brief.  Even the asserted facts, while sympathetic, are insufficiently specific to support a showing of excusable neglect.  For example, Dareing's reply brief below states she was removed from her home in May 2011 and was homeless for "many months."  It is not clear from this assertion whether her homelessness lasted through October 2011, when she filed her third amended complaint.[2]  Moreover, Dareing was able to file *a* third amended complaint; she offers no explanation why her circumstances enabled her to do this, but not to file one that was

---

[2]    Although Dareing's brief on appeal makes additional factual assertions regarding the timing of the events in question, there is no record that these factual assertions were made before the trial court — much less that they appeared in an affidavit — and we therefore do not consider them.

3

adequately pled. (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 280-281 [affirming denial of section 473(b) motion where the declarant failed to include specific facts "which the court might have been able to assess in determining whether his failure to respond was actually excusable in the circumstances"].)

In addition, section 473(b) provides: "Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted." "This permits the adverse party and court to examine the defense or claim before the hearing. The proposed pleading does not comply with the statute unless it is good under the rules of pleading." (8 Witkin, Cal. Procedure, *supra*, § 180, p. 780.) Dareing did not file a proposed fourth amended complaint and there is no record she otherwise provided one to the court; thus, relief is barred under this provision. Her failure to do so also precludes us from determining whether, absent any excusable neglect, she would have been able to sufficiently amend her complaint. (See *Sunru Chang v. Carson Estate Co.* (1959) 168 Cal.App.2d 110, 113 [reversing order setting aside dismissal and allowing plaintiff to file amended complaint because "plaintiff's third amended complaint clearly states no cause of action and, therefore, it was an abuse of discretion requiring a reversal for the trial court to grant her motion to set aside the dismissal"]; see also *Transit Ads, Inc. v. Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 279 ["the excusable neglect must be the actual cause" of the adverse action to be set aside].)

The trial court's denial of Dareing's section 473(b) motion was not an abuse of discretion.

## DISPOSITION

The order is affirmed. Summers is awarded his costs on appeal.

4

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

5