Filed 1/11/16  Crawford v. Elegant Angel CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JIM CRAWFORD et al., | B261897 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC550028) |
| v. | |
| ELEGANT ANGEL, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth Allen White, Judge.  Reversed.

Blut Law Group, Elliot S. Blut, Sara V. Katz for Plaintiffs and Appellants.

Law Office of Anja Reinke, Anja Reinke for Defendants and Respondents.

# INTRODUCTION

Plaintiffs and appellants Jim and Wendy Crawford (collectively, plaintiffs) sued defendants Elegant Angel, Inc. and Patrick Collins, Inc. (collectively, defendants) for breach of contract and promissory estoppel, alleging that defendants failed to honor an agreement to either sell their business to plaintiffs or pay them $200,000 for their efforts to improve the business. The trial court sustained defendants' demurrer to the first amended complaint with leave to amend. Rather than amend the existing causes of action, plaintiffs decided to proceed on a second amended complaint with three new claims and an additional defendant; therefore, they timely filed a motion requesting leave to file their proposed second amended complaint. The trial court, however, granted defendants' ex parte application to dismiss the action pursuant to Code of Civil Procedure section 581, subdivision (f)(2),[1] based on plaintiffs' failure to file an amended complaint within the allotted time period. Plaintiffs appeal from the judgment entered pursuant to that dismissal, arguing that the court abused its discretion in dismissing their case and refusing to consider their motion for leave to amend. We agree and therefore reverse the dismissal.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their complaint on July 1, 2014 and their first amended complaint (FAC) on July 15, 2014. The FAC alleged causes of action for breach of contract and promissory estoppel against defendants. According to the FAC, defendants own an adult industry production company called Elegant Angel Productions (the business). In August 2013, plaintiffs entered into a written contract with defendants for the purchase of the business. Plaintiffs alleged "[i]n reliance on the Contract," they operated the business for ten months, "providing services and management that improved" the business. The contract allegedly provided that plaintiffs would receive $200,000 or the "last fifty features" produced by defendants as payment for their services in the event there was

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

"any delay" in their purchase of the business.  Plaintiffs alleged that defendants refused to complete the payment due under the contract and "refused to comply with [their] obligations under the terms of the Contract."

The FAC attached as an exhibit a written agreement on Elegant Angel letterhead, purportedly signed and notarized by plaintiffs and by Patrick Collins on behalf of defendants.  In contrast to the allegations of the FAC, the written document stated that plaintiffs were "strongly interested in buying" the business "for a to be determined amount," noted various contingencies related to the ongoing "divorce proceedings between Patrick Collins and Cindy Collins," stated that it was "understood by all parties, that currently Jim and Wendy Crawford are operating the company at no cost to the company and are doing this so they can ascertain a separate evaluation of said company," and provided for the $200,000 payment if the "parties decide that they want to proceed with the purchase of [the business] and anything interrupts the finalization of the intent of both parties."

Defendants demurred to the FAC, arguing that the written contract was "too indefinite to enforce" and that plaintiffs failed to allege sufficient facts to support either cause of action.  Plaintiffs filed an opposition and a motion for leave to file a second amended complaint, seeking to add causes of action for breach of oral contract, unjust enrichment, and quantum meruit.  They argued that because of the infirmities in the written contract drafted by "Defendant Collins," plaintiffs "need to include the oral part of the contract separately and include equitable causes of action."  Plaintiffs' motion for leave to amend was set for hearing on December 24, 2014.

The trial court sustained the demurrer on November 4, 2014, with 20 days leave to amend.  The parties waived notice of the order sustaining the demurrer, thus the deadline for plaintiffs to amend their complaint pursuant to the court's order fell on November 25, 2014.  (§ 472b)  Rather than filing an amended complaint, on November 19, 2014

3

plaintiffs filed and served a second motion for leave to file a second amended complaint.[2] This time, plaintiffs' proposed second amended complaint (SAC) omitted both of the original causes of action and instead alleged claims for fraudulent inducement, breach of oral contract, and quantum meruit; the proposed SAC also added Patrick Collins as an individual defendant. In their motion, plaintiffs argued that the "information gleaned" from depositions taken in the case "changed the framing of Plaintiffs' case and made it clear that a Second Amended Complaint is needed" in order to reflect the oral promises allegedly made by Collins to plaintiffs. Plaintiffs attached a copy of their proposed SAC to their motion and asked that it be "deemed filed and served as of the date the motion is granted." The motion was set for hearing on January 20, 2015.

On December 10, 2014, defendants filed an ex parte application to dismiss the FAC with prejudice and enter judgment in their favor. Defendants argued that dismissal was warranted pursuant to section 581, subdivision (f)(2) because plaintiffs failed to file an amended complaint within the time allowed by the court to do so. Plaintiffs opposed the ex parte application the same day, contending that they had "diligently pursued the case" but the "amendments that the Crawfords need require leave to amend." Thus, plaintiffs argued that they were procedurally required to move for leave to amend their complaint, and did so within the 20 days allotted by the court.

The court heard argument and then granted the ex parte application on December 10, 2014.[3] The FAC was thereby dismissed with prejudice and judgment was entered in favor of defendants. The trial court also vacated the hearing date for plaintiffs' pending motion for leave to amend. Plaintiffs timely appealed from the judgment.[4]

---

[2] Plaintiffs subsequently took the December 24, 2014 hearing date for their first motion for leave to amend off calendar.

[3] There are no transcripts of the hearings on defendants' demurrer or their ex parte application.

[4] Following dismissal, plaintiffs filed their proposed SAC as a new action. However, both parties have contended that this appeal is not moot, as defendants have purportedly argued below that part or all of the second action should be barred by res judicata based on the proceedings in the instant case. We do not reach that issue here,

4

## DISCUSSION

Plaintiffs' sole argument on appeal is that the trial court abused its discretion by dismissing the action and refusing to rule on their motion for leave to file the SAC. They do not, as defendants contend, challenge the underlying ruling sustaining the demurrer to the FAC, nor do they ask us to decide whether the court should have granted their motion and allowed them to file the SAC. We agree that this appropriately frames the scope of our review in this case.

Pursuant to section 581, subdivision (f)(2), the court "may dismiss the complaint" when "after a demurrer to a complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." A defendant may seek dismissal following a plaintiff's failure to amend by way of an ex parte application. (Cal. Rules of Court, rule 3.1320(h).) We review a decision to grant or deny a party's request to dismiss pursuant to section 581, subdivision (f)(2), for abuse of discretion. (See *Leader v. Health Industries of America, Inc*. (2001) 89 Cal.App.4th 603, 612; *Contreras v. Blue Cross of California* (1988) 199 Cal.App.3d 945, 948.)

Plaintiffs contend that it was an abuse of discretion for the trial court to dismiss their complaint for failure to amend when they had timely filed a motion seeking leave to file their proposed SAC. We agree. Plaintiffs here took the appropriate steps under the rules to place their proposed amended complaint before the court. Given plaintiffs' representation that they no longer believed their original causes of action were viable based on the court's ruling on the demurrer and facts developed during discovery, plaintiffs could not have, in good faith, simply filed an amended complaint with those causes of action. (See §128.7 (pleading must contain claims "warranted by existing law" and allegations that have "evidentiary support"); *Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441 ["even though an action may not be frivolous when it is filed, it may become so if later-acquired evidence refutes the findings of a prefiling investigation and the attorney continues to file papers supporting the client's claims"].) As defendants

and leave for the trial court the decision of how best to manage the two pending actions upon remand.

5

acknowledge, the court granted leave to amend only as to those existing causes of action, it did not "grant Plaintiffs permission to add any new causes of action." "Following an order sustaining a demurrer . . . with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.]" (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.) As such, plaintiffs were required to seek leave to file their proposed SAC, as it contained new claims and added a defendant. (See *ibid*. ["The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend."]; *People ex rel. Department of Public Works. v. Clausen* (1967) 248 Cal.App.2d 770, 785 [leave to amend complaint does not constitute leave to amend to add new defendant].) Plaintiffs properly sought leave by filing their motion within the time allowed by the court to amend their complaint. Indeed, had plaintiffs simply filed their proposed SAC without seeking leave to do so, the SAC could have been subject to a motion to strike. (See § 436, subdivision (b).)

Moreover, plaintiffs attached their proposed SAC to their motion for leave to amend, timely served it on defendants, and requested that, in the event the court granted their motion, the SAC be deemed filed and served as of that date. As such, there was nothing further plaintiffs were required to do in order to place their proposed new pleading before the court and to provide defendants with notice of its contents. This case thus stands in contrast to those cited by defendants, which involved untimely conduct by plaintiffs in attempting to amend a complaint. (See *Leader, supra*, 89 Cal.App.4th at pp. 613-615 [no error in denial of untimely motion for leave to amend], *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054 [affirming dismissal following failure to timely amend].) Nor have defendants suggested any prejudice or undue delay as a result of plaintiffs' attempts to amend the complaint, given the preliminary stage of the proceedings here.[5] Where a plaintiff fails to amend a pleading to state a cause of action

---

[5]Defendants' argument that plaintiffs failed to "exhaust their remedies" by seeking various forms of relief before the trial court prior to appeal lacks citation to any authority and is not persuasive.

6

against a defendant, that failure is treated as "an admission that plaintiff has stated the case as strongly as he can and there are no facts that could be alleged to cure the defect," thereby warranting dismissal with prejudice under section 581. (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330.) Here, on the other hand, plaintiffs timely contended that they *could* cure the defects in their prior complaint, but needed leave of the court to do so.

The court and defendants were clearly aware of plaintiffs' desire to amend the complaint and their belief that additional leave of court was required—the court noted in the minutes of the hearing on defendants' demurrer that plaintiffs' first motion for leave was pending, and then vacated the hearing date for plaintiffs' second motion for leave in its dismissal order. It is unclear from the limited record before us whether the trial court failed to consider plaintiffs' arguments or believed it lacked the discretion to deny the ex parte application based on section 581. Either way, the court abused its discretion by dismissing this action under the circumstances. (See, e.g., *Contreras, supra*, 199 Cal.App.3d at p. 948 [trial court had discretion to grant or deny motion to dismiss for failure to timely amend and was not required to "dismiss the action first then vacate the order of dismissal pursuant to Code of Civil Procedure section 473"].)

This result comports with our strong policies favoring liberal amendment of pleadings, disposition of cases on their substantial merits, and resolution of all disputed matters between the parties in the same lawsuit. (See, e.g., *Douglas v. Superior Court* (1989) 215 Cal.App.3d 155, 158 ["California courts have 'a policy of great liberality in allowing amendments at any stage of the proceeding so as to dispose of cases upon their substantial merits where the authorization does not prejudice the substantial rights of others.' [Citation.]"] *Morgan v. Superior Court of Los Angeles County* (1959) 172 Cal.App.2d 527, 530 ["it is a rare case in which 'a court will be justified in refusing a party leave to amend his pleading so that he may properly present his case'"].) We do not reach the question of whether the trial court should have granted plaintiffs' motion for leave to file their proposed SAC; we simply conclude that the trial court should have

7

decided the merits of that motion, rather than dismissing this action prematurely based on a purported technical violation.

## DISPOSITION

Reversed and remanded for proceedings consistent with this opinion.  Plaintiffs are awarded their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.

8