**UNITED STATES of America**

v.

**Agustin ROSELLO Bras.**

**Cr. No. 6839.**

United States District Court
D. Puerto Rico,
San Juan Division.

May 11, 1961.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Agustin Rosello Bras., pro se.

RUIZ-NAZARIO, District Judge.

Petitioner was convicted and sentenced by this Court on August 26, 1952 on his plea of guilty to a four count indictment for violation of Title 26 U.S.C. §§ 2591 (a), 2593(a), 2596, involving the transfer and acquisition of marihuana. He was sentenced to a term of 5 years imprisonment on the 1st count, 4 years imprisonment on the second count, and to pay a fine of $1,000 on the second count; three years and a fine of $2,000 on the third count, and three years and a fine of $2,000 on the fourth count, execution on counts three and four to be suspended, and petitioner to be placed on probation for three years after release from confinement, *upon condition that he pay the fines* imposed.

Petitioner was permitted to pay the fines in installments of $25, and has assiduously kept paying these installments, and as of the date of this order he has paid a total of $1,425. He has now moved the Court to relieve him of his obligation to continue paying the installments. Admittedly, he has, from the time of his release from confinement, observed good conduct, his financial circumstances are very unfavorable, and, from the factual point of view, he is worthy of relief from the pecuniary obligation imposed upon him by the 1952 sentence. In recognition of the stated circumstances, the Court, upon motion of its Probation Officer, terminated petitioner's probation effective April 30, 1960.

Therefore the only question pending before the Court is the civil liability for payment of the fines imposed on Counts *three* and *four* which constituted a condition for probation on said counts, as the other fine, $1,000, imposed on petitioner on Count Two, has already been paid.

The final paragraph of Title 18 U.S.C.A. § 3651, states as follows:

"The defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation".

Here the petitioner's probation has terminated: no probation, with its concomitancy, payment of fines, exists. A liberal construction of the quoted paragraph, a common sense interpretation of the same does not permit the Court to continue a situation where the tail wags the dog, that is, that a condition for probation should exist, and be in force, when there is no longer any probation requiring the compliance with the condition therefor. Not only would it be unjust and unfair to hold petitioner liable civilly for a condition to a nonexistent probation, such a procedure would also demonstrate a total ignorance by the Court of the philosophy underlying the system of probation itself.

Therefore the Court, in the exercise of the unqualified power in it vested by the third paragraph of Section 3651 of Title 18 U.S.C.A.[1] hereby Orders, that the condition to pay a fine under Counts three and four of the sentence imposed upon petitioner on August 26, 1952, be and the same is, hereby revoked, and petitioner Agustin Rosello is relieved of any obligation to continue paying any installments on said fine.

[1] "The court may revoke or modify any condition of probation, or may change the period of probation."