[Civ. No. 51278. First Dist., Div. Five. July 1, 1983.]

CLAUDE E. HARPER, Plaintiff and Appellant, v.
KAISER CEMENT CORPORATION et al., Defendants and Respondents.

**COUNSEL**

J. Jay Schnack and Moore, Clifford, Wolfe, Larson & Trutner for Plaintiff and Appellant.

James K. Cameron, Thelen, Marrin, Johnson & Bridges and Gordon Johnson for Defendants and Respondents.

**OPINION**

**KING, J.**—In this case we hold that a criminal defendant's acceptance of a condition of probation that he not accept reimbursement from his corporate

employer of a fine and costs assessed against him precludes him from doing so not only during the term of probation, but permanently thereafter.

Plaintiff Claude E. Harper filed a complaint for express and implied indemnity against Kaiser Cement and Gypsum Corporation (formerly Kaiser Cement Corporation) and Kaiser Gypsum Company, Inc. (collectively Kaiser) alleging that they improperly refused to reimburse him for his payment of a fine and costs imposed against him as part of a criminal proceeding for violating federal antitrust laws while employed as an officer and director of both corporations. Harper and Kaiser each filed motions for summary judgment which were denied. The matter was tried by the court on an agreed statement of facts and Harper appeals a judgment rendered for Kaiser. We affirm the judgment.

Harper was an officer and director of Kaiser during the 1960's and until December 31, 1973. On December 27, 1973, Harper and Kaiser were indicted in federal court, along with other corporations and individuals, for engaging in an unlawful combination and conspiracy in the manufacture and sale of gypsum board in violation of the Sherman Act. (15 U.S.C. § 1.)

On January 16, 1975, Harper pleaded nolo contendere. The court sentenced him to six months imprisonment, suspended execution of sentence, placed him on probation for eighteen months, and ordered him to pay, within three months, a fine of $40,000 and the costs of prosecution. The sentence also included the following special condition of probation: "It is a special condition of probation that fines and costs are to be paid from defendant's personal assets and *defendant shall not accept reimbursement from his corporation* directly or indirectly." (Italics added.) Harper paid the fine and his share of the costs of prosecution (which share amounted to $5.18). On October 7, 1976, he was discharged from probation and the proceedings against him were terminated.

Indemnification of corporate directors and officers for expenses and fines incurred in connection with a criminal action against them in such capacity was permitted by both states in which Kaiser was incorporated. (Former Corp. Code, § 830, subd. (f) [now Corp. Code, § 317]; 23A Rev. Code of Wash., § 23A.08.025.) The bylaws of Kaiser Cement provided that the corporation "shall" provide such indemnification if its board of directors determined that the individual "was acting in good faith within what he reasonably believed to be the scope of his employment or authority and for a purpose which he reasonably believed to be in the best interests of the Corporation or its shareholders." The bylaws of Kaiser Gypsum provided for such indemnification unless the individual was adjudged to be liable for "negligence or misconduct in the performance of duty."

Kaiser adopted a resolution that Harper had acted in good faith when he committed the antitrust violation and was entitled to indemnification for the expenses incurred in defending himself. Appellant was so indemnified. Because of the special condition of probation, however, the resolution did not provide reimbursement for the $40,000 fine and the costs of prosecution. Harper commenced the present litigation to obtain the reimbursement. The trial court determined that Harper permanently waived any right to reimbursement by accepting the special condition of probation.

■ Appellant claims that the special condition required only temporary forbearance from accepting reimbursement, inasmuch as the federal government could not enforce the special condition after termination of appellant's probation. (See 18 U.S.C. §§ 3651, 3653; *United States* v. *Rosello* (D.P.R. 1961) 193 F.Supp. 900, 901.) This interpretation of the probation order is patently absurd. As a result, this appeal borders on the frivolous. It requires no speculation by us to conclude that the federal court intended the imposition of the $40,000 fine to have a punitive and deterrent effect, and imposed the special condition to accomplish that goal. (Compare *City of Ukiah* v. *Fones* (1966) 64 Cal.2d 104, 108 [48 Cal.Rptr. 865, 410 P.2d 369] [stipulation only that wrongful discharge would entitle employee to back salary for period before filing of complaint; improper to speculate that employee intended to waive claim for back pay after filing of complaint].) A mere requirement of "temporary forbearance" from accepting reimbursement (or what Kaiser characterizes as "an eighteen month interest free loan" to them by Harper) would have been wholly at odds with the purpose of the special condition. It may be that the federal court had no authority to enforce the special condition beyond the probationary period, but it had the power to require a waiver of the right of reimbursement, which it clearly did.

Harper claims there was insufficient evidence of waiver. ■ "Waiver is the intentional relinquishment of a known right after knowledge of the facts." (*City of Ukiah* v. *Fones, supra,* 64 Cal.2d at p. 107, quoting *Roesch* v. *De Mota* (1944) 24 Cal.2d 563, 572 [150 P.2d 422].) ■ The burden is on the party claiming waiver "to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.'" (*City of Ukiah* v. *Fones, supra,* 64 Cal.2d at pp. 107-108, quoting *Church* v. *Public Utilities Com.* (1958) 51 Cal.2d 399, 401 [333 P.2d 321].) ■ Waiver may occur by intentional relinquishment or by conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished. (*Crest Catering Co.* v. *Superior Court* (1965) 62 Cal.2d 274, 278 [42 Cal.Rptr. 110, 398 P.2d 150]; *Medico-Dental etc. Co.* v. *Horton & Converse* (1942) 21 Cal.2d 411, 432 [132 P.2d 457].) Waiver precludes any subsequent as-

sertion of the right. (*L. A. City Sch. Dist.* v. *Landier Inc. Co.* (1960) 177 Cal.App.2d 744, 752 [2 Cal.Rptr. 662].)

■ The evidence of waiver here consists, quite simply, of the federal court's unequivocal requirement that, to avoid incarceration, Harper personally would have to pay the $40,000 fine and his share of the costs of prosecution, and could not accept reimbursement from Kaiser. Once Harper waived his right to reimbursement he could not later assert that right. (*L. A. City Sch. Dist.* v. *Landier Inc. Co., supra,* 177 Cal.App.2d at p. 752.)

Harper claims that there was no evidence that he had knowledge of any right to reimbursement before his discharge from probation, or that he knew he had a choice not to accept the special condition of probation. He also claims that there was no evidence of any act or statement amounting to a waiver, because his only "act," the payment of the fine, would have been required even had he been incarcerated.

These contentions lack merit. The inference that Harper knew of the right to reimbursement is compelled by the allegation in his complaint that "at all times" during his employment he was contractually entitled to indemnity, and by the probation order itself, which specified that he could not accept reimbursement. The choice of incarceration or acceptance of the terms of probation was inherent in the imposition of conditions of probation. (See, e.g., *United States* v. *Smith* (5th Cir. 1969) 414 F.2d 630, 636 rev. in part on other grounds *sub nom. Schacht* v. *United States* (1970) 398 U.S. 58 [26 L.Ed.2d 44, 90 S.Ct. 1555].) Harper was apprised that incarceration was an alternative to his acceptance of the special condition. The act amounting to waiver was the acceptance of the special condition precluding reimbursement, which, unlike payment of the fine, would not have been required under the terms of probation had Harper chosen incarceration. For this latter reason, Harper's further claim that Kaiser had no standing to urge the special condition misses the point. It was the act of acceptance, not simply the imposition of the special condition, that amounted to waiver.

Harper also contends that the trial court should not have considered the defense of waiver because Kaiser's answer did not specifically plead "waiver" as an affirmative defense. The answer did allege that Harper had "accepted the terms of probation provided for in said sentence and judgment, including said special condition . . ." and further stated that "[b]y reason of the foregoing matters plaintiff is barred and prohibited from accepting reimbursement of the fine of $40,000 and the costs of prosecution of $5.18 . . . ."

■ If a plaintiff was fully informed of a defense and the case was fairly tried on the merits, any defect in the pleading of the defense is usually

harmless. (*Buxbom* v. *Smith* (1944) 23 Cal.2d 535 [145 P.2d 305]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 334, p. 2003.) In the present case, Kaiser's answer pleaded the *facts* upon which a claim of waiver could be based. It alleged both that Harper had accepted the terms of the special condition of probation, and that by reason of said acceptance he could not accept reimbursement. It is of little consequence that the answer did not use the specific label "waiver." (See *Porten* v. *University of San Francisco* (1976) 64 Cal.App.3d 825, 833 [134 Cal.Rptr. 839].) The merits of the waiver issue were argued by both parties in their trial briefs. Harper made no claim below, and does not claim on appeal, that he was not sufficiently informed of the waiver defense to be able fairly to oppose it at trial. Thus the rule of liberality in the construction of pleadings requires that the answer be liberally construed to allege the affirmative defense of waiver, and that any defect in pleading the waiver defense be treated as harmless.

Harper's final contention is that the trial court erred when it denied his motion for summary judgment because the parties agreed that no material issues of fact were presented. It is true that the court that heard the motions for summary judgment (not the same court before which the case was tried) should have granted a summary judgment since there were no factual disputes. However, Harper is in no position to complain, for the error which occurred was the failure of the court to grant Kaiser's motion for summary judgment.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.