Filed 6/11/14  Henschel v. Mortgage Electronic Registration Syst. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EDA HENSCHEL et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al.,<br><br>  Defendants and Respondents. | B248487<br><br>(Los Angeles County<br>Super. Ct. No. EC058763) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Affirmed.

Law Office of Nick A. Alden, Nick A. Alden and Aleksey Sirotin for Plaintiffs and Appellants.

McGuireWoods, Joseph V. Quattrocchi, Jr., Ashley B. Hennessee, Leslie M. Werlin and Grace B. Kang for Defendants and Respondents.

Plaintiffs Eda Henschel and Afshan Safarian (hereafter "plaintiffs") appeal the judgment of dismissal entered in favor of defendants Bank of America, Mortgage Electronic Registration System (together, "defendants"), and Quality Loan Service Corp.[1] in this lawsuit concerning foreclosure proceedings instituted against them. The trial court ruled that it was required to grant defendants' motion to strike and motion to dismiss the complaint, since plaintiffs filed their amended complaint seven days after the 10-day period the court had granted them when it sustained defendants' demurrer with leave to amend. We determine that the court erred in concluding that it had no discretion under the circumstances of this case, and thus abused its discretion in granting defendants' motions and dismissing the complaint. We hold, however, that plaintiffs waived their right to raise this issue on appeal.

PROCEDURAL BACKGROUND

Plaintiffs sued defendants in connection with nonjudicial foreclosure proceedings concerning their real property. Defendants demurred to the complaint. On December 10, 2012, that demurrer was sustained with ten days' leave to amend. Due to the fact that the tenth day fell on a Saturday, the amended complaint was due on Monday, December 24, 2012. Plaintiffs filed their amended complaint seven days later, on December 31, 2012.

On January 12, 2013, defendants filed their motions to strike the late-filed complaint and to dismiss the action pursuant to section 581, subdivision (f)(2) of the Code of Civil Procedure.[2] Concurrently therewith, defendants demurred to the complaint as amended. Plaintiffs opposed the motions, stating in a declaration of their counsel of record that the late filing of the amended complaint was due to counsel's excusable neglect caused by his illness. Plaintiffs pointed out that the filing was just one week late,

---

[1] Quality Loan Service Corp. filed a Declaration of Nonmonetary Status pursuant to Civil Code, § 2924*l*, subds. (a) and (b). Consequently, it is not participating in this appeal. (Civ. Code, § 2924*l*, subds. (c) and (d).)

[2] All further code sections referenced in this opinion refer to the Code of Civil Procedure, unless otherwise indicated.

and during the Christmas and New Year holidays, and that defendants did not claim to have suffered any prejudice on account of this very short delay.

Relying on *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603 ("*Leader*"), defendants contended that because the amended complaint was filed seven days after the time allowed by the court had lapsed, the court was required to strike it and dismiss the action with prejudice. Defendants argued that *Leader* precluded the court from accepting the pleading, but instead required plaintiffs to file a noticed motion for leave of court to file the untimely amendment.

The trial court agreed that, pursuant to *Leader*, it had no choice but to strike the amended complaint and dismiss the action. Said the court: "The Court in *Leader v. Health Industries of America, Inc.* found that when a plaintiff files an amended complaint beyond the time authorized after the trial court sustains a demurrer with leave to amend, the correct procedure for a defendant to follow is to file a motion to strike and a motion to dismiss. 89 Cal.App.4th at 614 (upholding the trial court's ordering the dismissal of the action after striking a complaint without leave to amend). [¶] Here, the Plaintiff's Second Amended Complaint is stricken because it was filed without leave of court. In addition, since the Defendants have moved for dismissal after the Plaintiffs did not amend within the time allowed by the Court, the Court may dismiss the action under CCP 581(f)(2). . . . Therefore, the Court dismisses the action because the Plaintiffs did not amend within the time allowed by the Court."

A judgment of dismissal was then entered on March 15, 2013. Plaintiffs timely filed a Notice of Appeal.

3

STANDARD OF REVIEW

The trial court's rulings granting both the motion to strike and the motion to dismiss the entire action are reviewed for an abuse of discretion. (*Olsen v. Harbison* (2005)134 Cal.App.4th 278, 285.) The burden is on plaintiffs to establish such an abuse. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054.)

DISCUSSION

1. *The motion to strike*

In granting the motion to strike the amended complaint, the trial court held that since the pleading was filed seven calendar dates later than allowed by the court in its order sustaining the demurrer with 10 days leave to amend, it could not be filed without a noticed motion by plaintiffs seeking leave to file an amended complaint. The Court stated: "You didn't file it in a timely fashion. You didn't file a motion for leave to file an amended complaint. They've moved for the court to disregard – disregard it, to strike it because it was late filed. It's like filing an answer too late – Oh, no. That's a little different. It's like filing an amended complaint without leave of court. Court has to strike it. You have to file – because you didn't file a motion for leave to file."

In *Leader*, *supra*, 89 Cal.App.4th 603, the trial court sustained a demurrer to the plaintiff's third amended complaint with 20 days leave to amend. (*Id.*, at p. 608.) Before that period expired, plaintiff's counsel obtained a stipulation from defense counsel to extend the period. (*Ibid.*) However, plaintiff did not file an amended pleading, or request a further extension from the court or opposing counsel. Rather, when the parties failed to appear for a status conference, and the court ordered their appearance on short notice, the plaintiff's counsel arrived at the status conference with his proposed fourth amended complaint, more than a month after his 20-day leave to amend had elapsed. (*Ibid.*) In response to the court's instructions to bring a motion for leave to file the pleading, the plaintiff filed a motion for mandatory relief under section 473, subdivision (a). That motion was heard concurrently with the defendant's motions to strike the amended pleading and enter a dismissal pursuant to section 581, subdivision (f)(2). The defendant

4

argued that section 473 was inapplicable, the trial court had discretion to grant or deny plaintiff's motion for leave to file a late amendment as well as discretion to strike the complaint, and that the court should exercise its discretion to deny the motion because the amended complaint failed to address the deficiencies of the third amended complaint which preceded it. (*Id.*, at pp. 608-610.) The trial court denied the plaintiff leave to amend and granted "the motion to strike the [proposed] late fourth amended complaint," and dismissed the action. (*Id.*, at p. 611.)

On appeal, our Division Two colleagues ruled that under these facts, the plaintiffs were not entitled to invoke the mandatory relief provision of section 473. The court noted that, "[u]nder section 473, subdivision (a)(1): 'The court may, in furtherance of justice, and on any terms as may be proper, . . . in its discretion, *after notice to the adverse party*, allow, upon any terms as may be just, an amendment to any pleading or proceeding . . . .' (Italics added.) Assuming proper notice, the trial court has wide discretion in determining whether to allow the amendment, but the appropriate exercise of that discretion requires the trial court to consider a number of factors: '*including the conduct of the moving party and the belated presentation of the amendment.* [Citation.] . . . The law is well settled that a long deferred presentation of the proposed amendment without a showing of excuse for the delay is itself a significant factor to uphold the trial court's denial of the amendment.' [Citation, italics added.] 'The law is also clear that even if a good amendment is proposed in proper form, unwarranted delay in presenting it may – of itself – be a valid reason for denial.' (*Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 939-940.)" (*Leader, supra,* 89 Cal.App.4th at p. 613.) Similarly, the appellate court noted that, "'by virtue of its *inherent* power to prevent abuse of its processes' (italics added), a trial court may strike an amended complaint 'filed in disregard of established procedural processes' [or] 'because no request for permission to amend was sought.' (*Loser v. E.R. Bacon Co.* [(1962)] 201 Cal.App.2d [387,] 390.)" (*Leader, supra,* 89 Cal.App.4th at p. 613.)

In the proceedings below, the defendants argued, and the trial court agreed, that *Leader* mandated that the trial court strike the late-filed amended complaint because

5

plaintiff had not sought the court's permission to file it after the 10-day amendment period had expired. While the *Leader* court's recitation of certain legal principles could lead one to argue for this conclusion, it is not the holding of the court, since in that case the plaintiff *did* move for leave to file the amended pleading, and the appellate court affirmed the trial court's exercise of discretion in denying the plaintiff's request. Consequently, in the instant case, the trial court erred in concluding that it had no discretion but to strike plaintiffs' amended complaint due to their failure to seek leave of court to extend the time within which to file the amended pleading. The court thereby abused its discretion. (*Olsen v. Harbison, supra,* 134 Cal.App.4th at p. 285 [trial court abuses its discretion "in acting on a mistaken view about the scope of its discretion"]; *Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 449 ["The failure to exercise discretion is an abuse of discretion"].)

Our conclusion is supported by *Harlan v. Department of Transportation* (2005) 132 Cal.App.4th 868 ("*Harlan*"). In that case, a demurrer was sustained with 10 days' leave to amend and the plaintiff filed its amended complaint eight days late. The trial court denied defendant's motion to strike the complaint, stating the "the delay in filing was brief and inconsequential." (*Id.* at p. 872.) The defendant appealed, contending that, after the trial court sustained the demurrer and ordered the plaintiff to amend within 10 days, the court was powerless to alter the filing deadline without a noticed motion by the plaintiff. The appellate court rejected the argument, stating: "[The defendant] is mistaken. Code of Civil Procedure section 472a, subdivision (c), provides that '[w]hen a demurrer is sustained, the court may grant leave to amend the pleading upon any terms as may be just and shall fix the time within which the amendment or amended pleading shall be filed. Where, as here, leave to amend is granted because the court sustained defendant's demurrer, defendant can hardly claim to have been deprived of the 'notice' mentioned in Code of Civil Procedure section 473, subdivision (a)(1). It makes no difference that the [defendant] did not receive additional notice before the court accepted the filing several days late, effectively fixing a new time for amendment. The court could have given [the plaintiff] 20 days to amend instead of 10 in the first place, and the

[defendant] would have had no grounds to object. While the court had discretion to require a noticed motion before permitting [the plaintiff] to file the second amended complaint late, we think it also had the discretion under these circumstances to accept the filing without a noticed motion. . . ." (*Id.* at p. 873.)

The *Harlan* court found further authority for its conclusion in the language of section 581, subdivision (f)(2), on which the defendant's motion to dismiss was based. That statute, said the court, "also undermines the [defendant's] view that a noticed motion was required before the court could extend [the plaintiff's] deadline. That statute provides: 'The court *may* dismiss the complaint . . . when: [¶] . . . [¶] . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal.' (Italics added.) The [defendant's] argument is, in effect, that upon the [defendant's] motion the court *must* dismiss if [the plaintiff] fails to amend within the time allowed by the court and never moves for leave to file late. But section 581, subdivision (f)(2), places the decision within the court's discretion." (*Harlan*, *supra*, 132 Cal.App.4th at p. 874.)

Finally, the *Harlan* court noted that, while section 473, subdivision (a)(1) gives the trial court the discretion to permit amendment of a pleading "only after notice to the adverse party, the adverse party already received notice when the court sustains a demurrer with leave to amend pursuant to Code of Civil Procedure section 472a, subdivision (a)." (*Harlan, supra,* 132 Cal.App.4th at pp. 874-875.)

In sum, we determine that the trial court abused its discretion by granting the motion to strike based on its mistaken belief that it had no discretion to permit plaintiffs to proceed on their amended complaint in the absence of a noticed motion seeking leave to file the amended pleading.

2. *The motion to dismiss*

The trial court granted defendants' motion to dismiss the action, stating: "Under CCP section 581(f), the Court may dismiss the complaint after a demurrer is sustained with leave to amend, [when] the plaintiff fails to amend it within the time allowed by the Court, and either party moves for dismissal. The Court in *Leader*[*, supra,* 89 Cal.App.4th 603,] found that when a plaintiff files an amended complaint beyond the time authorized after the trial court sustains a demurrer with leave to amend, the correct procedure for a defendant to follow is to file a motion to strike and a motion to dismiss. (*Id.*, at p. 614 [upholding the trial court's order that dismissed the action after striking a complaint without leave to amend].) [¶] Here, the Second Amended Complaint [was] stricken because it was filed without leave of Court. In addition, since the Defendants have moved for dismissal after the Plaintiffs did not amend within the time allowed by the Court, the court may dismiss the action under CCP section 581[f](2). . . . [¶] Therefore, the Court dismisses the action because the Plaintiffs did not amend within the time allowed by the Court."

Section 581, subdivision (f)(2) states: "The court may dismiss as to that defendant when: [¶] (2) Except where Section 597 applies,[3] after a demurrer to a complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." The decision to grant or deny a party's motion to dismiss is within the court's discretion. The court may deny the motion and permit the plaintiff to file an amended complaint when the plaintiff shows good cause for failing to file the amended complaint within the time limitations ordered by the court. (*Contreras v. Blue Cross of California* (1988) 199 Cal.App.3d 945, 948.)

In the present case, plaintiffs' counsel, in opposition to the motion to dismiss, informed the court that the reason for the one week delay in filing the amended complaint from December 24, 2012 to December 31, 2012 was due to the illness of counsel. He pointed out that the defendants made no claim that they suffered any detriment on

---

[3]     Section 597 is not applicable in the present case.

account of the short delay during the holiday period, and in fact were not in any way prejudiced by the late filing. Neither did defendants challenge plaintiffs' counsel's assertion that his illness was the cause of his untimely filing of the amended pleading.

The trial court did not indicate, however, in either its detailed tentative ruling or at the hearing on the motion, that it was even considering these factors presented in opposition to the motion to dismiss. Instead, the court told plaintiffs' counsel that it would only consider any such factors if he were to file a motion under section 473, subdivision (b).[4] The court granted defendants' motion and dismissed the action with prejudice.

It is clear from the record that, by refusing to consider the reasons plaintiffs proffered in opposing the motion to dismiss, the trial court failed to exercise its discretion in ruling on the motion. (See *Harlan, supra,* 132 Cal.App.4th at p. 874; *Contreras v. Blue Cross of California, supra,* 199 Cal.App.3d at p. 948.) As noted above, this constitutes an abuse of discretion. (*Olsen v. Harbison, supra,* 134 Cal.App.4th at p. 285; *Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 449.)


3. *The affect of the post-judgment motion for attorney's fees.*

On April 25, 2013, plaintiffs' filed a motion for attorney's fees based upon Civil Code section 1717. They argued that they had prevailed in the underlying litigation because they had achieved the purpose for which the lawsuit was filed. Before doing so, plaintiffs, on April 18, 2013, withdrew their section 473, subdivision (b) motion which had been calendared for hearing on May 1, 2013. Defendants in their brief on appeal argue that plaintiffs made a strategic decision to withdraw from the trial court the question of whether they should be relieved from the dismissal of their action based on their counsel's claimed excusable neglect, the very issue that they now seek to argue

---

[4]     The mandatory relief provisions of section 473, subd. (b) do not apply to a judge's discretionary dismissal when the dismissal was entered after a hearing at which the judge evaluated the plaintiff's reasons for failing to meet the deadline. (*Leader, supra*, 89 Cal.App.4th at pp. 613-621).

before this Court. Plaintiffs did so because they wanted to seek a fee award and could not do so before the litigation in the trial court concluded, as stated in *Profit Concepts Management, Inc. v. Griffith* (2008) 162 Cal.App.4th 950, 956. "Clearly, because the trial court later denied their Fees Motion, [plaintiffs] now to seek to reverse course, disavow that strategy, and go back to attacking the Judgment. [Plaintiffs] should be estopped to do so, or should be deemed to have waived any claim of error."

In support of their position defendants cite and quote *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1528. *Van Sickle* does not, however, deal with the issue of waiver. It deals with the issue of invited error, of which there is none in the present case. There is, however, an issue of waiver.

Waiver is defined as the "intentional relinquishment of a known right after knowledge of the facts." (*City of Ukiah v. Fones* (1966) 64 Cal.2d 104, 107; *Harper v. Kaiser Cement Corp.* (1983) 144 Cal.App.3d 616, 619.) Waiver may occur by intentional relinquishment or by conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished. (*Crest Catering Co. v. Superior Court* (1965) 62 Cal.2d 274, 276; *Harper v. Kaiser Cement Corp.*, *supra*, at pp. 619-620.) Waiver precludes any subsequent assertion of the right. (*Los Angeles City School Dist. v. Landier Inv. Co.* (1960) 177 Cal.App.2d 744, 752.)

Plaintiffs, by filing their motion for attorney's fees, sought to benefit from the very judgment now under attack by them on appeal. Plaintiffs, by taking their section 473, subdivision (b) motion off calendar, concurrently with their filing of a motion for attorneys fees based upon the entry of the judgment, waived their right to later complain on appeal, after their motion for attorney's fee was denied, that the trial court erred by striking the Second Amended Complaint, dismissing their case with prejudice, and entering a judgment in favor of defendants.

10

Disposition

The judgment is affirmed.  Defendants shall recover their costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]


We concur:


MOSK, ACTING P. J.


KRIEGLER, J.

---

[*]    Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11