Filed 6/22/15  Garamallo v. Daley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOWELL A. GARAMALLO,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WILLIAM P. DALEY,<br><br>        Defendant and Respondent. | A141775<br><br>(Alameda County<br>Super. Ct. No. RG10506542) |

Appellant Lowell Garamallo, incarcerated for multiple felony criminal convictions, filed a pro se suit against respondent attorney William Daley and others, including the State Bar of California, alleging professional malpractice, as well as contract and tort causes of action.  After demurrers were sustained as to the initial complaint, Garamallo filed a first amended complaint.  The court again sustained a demurrer with leave to amend as to Daley.  When Garamallo failed to amend, Daley moved to dismiss.  The trial court granted the motion.  We affirm.

## I.  BACKGROUND

This case arises from Garamallo's efforts to secure legal representation in postconviction matters, including a federal habeas corpus proceeding, and his dissatisfaction with representation he received from Daley and others.  Our review is limited by the fact that Garamallo has provided only a very limited, and inadequate,

1

record of trial court proceedings.[1]  The record includes a copy of Garamallo's initial complaint, filed on March 18, 2010, alleging legal malpractice, breach of contract, breach of fiduciary duty, fraud, embezzlement, negligence, intentional infliction of emotional distress, and "tortious breach of contract."  The gist of the complaint as to Daley was that Daley failed to competently perform legal services promised to Garamallo, and that Daley collected legal fees under the terms of a fee agreement for work not performed or improperly performed.  However, copies of several key documents have not been provided:  November and December 2012 orders sustaining demurrers, including Daley's, to the original complaint; the first amended complaint, apparently filed on February 13, 2013, which was the operative pleading before the trial court; Daley's demurrer to the first amended complaint; and opposition papers filed by Garamallo.[2]  We therefore do not know what claims and causes of action from the original pleading were included in the first amended complaint, and we do not know the basis for the trial court's rulings, or the causes of action to which those rulings pertained.[3]

The order that sustained the demurrer to Garamallo's first amended complaint with leave to amend as to Daley did not directly identify causes of action which were pled or could be amended.  The trial court, however, advised Garamallo that he could "NOT allege any claims based on Daley's purported failure to provide competent legal

_____

[1] Attached to the clerk's transcript is a "Domain Case Summary" that contains a chronology of filings and court actions in this matter.  We hereafter refer to this summary as the register of actions.  The clerk's transcript contains only a few of the documents referenced in the register of actions.

[2] The register of actions shows no record of Garamallo's opposition to Daley's demurrer.  Garamallo represents that he filed a "reply" to the demurrer on October 15, 2012.

[3] Although the record submitted by Garamallo is inadequate, he at least properly cites to it.  (See Cal. Rules of Court, rule 8.204(a)(1)(C) [reference to a matter in the record must be supported by a "citation to the volume and page number of the record where the matter appears"].)  In marked contrast, Daley, a practicing attorney, utterly fails to do so.  It is not this court's responsibility to search through the record seeking evidence in support of a party's position.  (*Williams v. Williams* (1971) 14 Cal.App.3d 560, 565.)

2

representation, because he has not plead[ed] facts demonstrating that he was actually innocent of the crimes of which he was convicted and that those convictions have been reversed." The order, entered on June 11, 2013, further recited that Garamallo was "given one final opportunity to allege, in clear and concise language (see [Code of Civ. Proc., § 425.10, subd. (a)(1)]), facts in support of a claim that Daley failed to bill [Garamallo] for legal services provided in accordance with a retainer agreement between [Garamallo] and Daley. (See *Bird, Marella, Boxer & Wolpert v, Superior Court* (2003) 106 Cal.App.4th 419, 432.)[4] [Garamallo] has not alleged that he had any retainer agreement with Daley, or that he paid Daley anything for legal services provided. Rather, the First Amended Complaint appears to allege that Daley may have entered a contract with [Garamallo's] mother, and that [Garamallo's] mother (not [Garamallo]) paid Daley for services." Garamallo was given 30 days to amend after service by Daley of a "Notice of Entry of Order."

No evidence is provided as to when Garamallo was served with the order, but the register of actions indicates he made a request for extension of time on June 28, 2013, which was granted on July 2, 2013. On July 29, 2013, Garamallo filed a "Motion for Court Ordered Legal Assistance," complaining of his limited access to legal resources within the maximum security unit at Pelican Bay State Prison and asking the court to order that he be allowed legal assistance from another inmate. Garamallo made a second request for extension of time on July 31, 2013, which was granted on August 6, 2013. Neither the requests for extension nor the orders granting those requests are in the record. On October 11, 2013, the court granted Garamallo's motion for legal assistance from another inmate, in part, subject to the prison's internal rules as embodied in section 3163 of title 15 of the California Code of Regulations. On October 21, 2013, Garamallo filed a

---

[4] "[A] suit by a convicted criminal defendant client against his or her attorney to enforce the primary rights to be billed in accordance with the retainer agreement and to be free from unethical or fraudulent billing practices on the part of defense counsel the client is not required to allege and prove actual innocence of the charged crimes or postconviction exoneration." (*Bird, Marella, Boxer & Wolpert v. Superior Court, supra,* 106 Cal.App.4th at p. 432.)

3

motion seeking a 90-day extension to file a second amended complaint by January 15, 2014. He acknowledged the two prior extensions of time but said his request for legal assistance had not yet been processed within the prison, and he again complained of limited access to legal resources. The court denied the motion, finding that "[n]o good cause is shown by [Garamallo] who already received two extensions to file and serve the second amended complaint since July 11, 2013."

On January 14, 2014, Daley moved to dismiss the first amended complaint with prejudice. The court granted the unopposed motion by order of January 24, 2014.[5] On February 21, 2014, Garamallo filed a "Request for Reconsideration of Judgment." He attached a second amended complaint, purporting to state causes of action against Daley and three previously dismissed defendants for fraud and breach of contract.[6] In his request, Garamallo alleged that he did not receive notice of the court's denial of his third request for extension of time until December 6, 2013, despite at least two earlier direct inquiries to the court clerk for information. The court denied reconsideration by order of April 18, 2014, finding the motion untimely under Code of Civil Procedure section 1008,[7] and finding Garamallo failed to present any new facts, circumstances, or

---

[5] Daley represents that Garamallo appeared by telephone at the January 24, 2014 hearing, but cites to nothing in the record in support of this contention. In his reply brief, Garamallo acknowledges participating in the hearing and attempts to set forth arguments he made to the court. Having no record of the hearing, we do not consider the references by either party. It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to the issues on appeal. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)

[6] Garamallo named these additional parties in his notice of appeal. They are no longer parties in the case below and are not properly parties here.

[7] "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, *within 10 days after service upon the party of written notice of entry of the order* and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed

4

law that could not have been presented at the January 24, 2014 hearing. Garamallo filed a notice of appeal on May 5, 2014, from the "Judgment of dismissal after an order sustaining a demurrer."

## II. DISCUSSION

A. *Timeliness*

We question whether Garamallo's notice of appeal is timely. Although he challenges the April 18, 2014 order denying reconsideration, that order is not separately appealable. (Code Civ. Proc., § 1008, subd. (g).) This appeal is timely only if appeal from denial of the underlying order for which reconsideration was sought is timely. (See *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210.) That order was entered on January 24, 2014. The normal time for appeal would be on or before the earliest of 60 days after service of a notice of entry of judgment or 180 days after entry of judgment.[8] We have no documentary evidence as to when, or if, either the clerk or Daley served Garamallo with notice of entry of the January 24, 2014 order. However, Garamallo states in his opening brief that he received a "Notice of Order of Dismissal" from Daley on February 6, 2014. An envelope addressed to Garamallo from Daley (with a mailing date of Feb. 3), showing delivery to Garamallo in Pelican Bay on February 6, 2014, was attached to Garamallow's brief without a copy of the contents. If Garamallo

---

to be shown." (Code Civ. Proc., § 1008, subd. (a), italics added.) As discussed *post,* Garamallo states in his opening brief that he received a "Notice of Order of Dismissal" from Daley on February 6, 2014. We note that his request for reconsideration, filed on February 21, was more than 10 days after his admitted receipt of a notice of dismissal.

[8] "Unless a statute, rule 8.108, or rule 8.702 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a).) All further rule references are to the California Rules of Court.

was properly served with notice, the time to file a notice of appeal would have expired well before May 5, 2014.[9]

Nevertheless, rule 8.104's requirements are specific and mandatory. The party filing a notice of appeal must be served with "a single document—either a 'Notice of Entry' so entitled or a file-stamped copy of the judgment or appealable order—that is sufficient in itself to satisfy all of the rule's conditions, including the requirement that the document itself show the date on which it was mailed." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905.) Without evidence the notice sent to Garamallo satisfied the requirements of rule 8.104, we can only determine with any certainty that the notice of appeal was filed within 180 days after entry of the order and presumptively timely under rule 8.104(a)(1)(C). We therefore address the merits.

B. *Order Sustaining Daley's Demurrer with Leave to Amend*

To the extent Garamallo seeks review of the June 11, 2013 order sustaining Daley's demurrer with leave to amend, his appeal fails for several reasons. Foremost is the fact that "an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650.) We have none of the relevant record. If the record is inadequate for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Garamallo provides none of the briefing submitted to the trial court in support of the demurrer. " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be

---

[9] A *valid* motion to reconsider could have extended the time for appeal such that Garamallo's May 5, 2014 notice of appeal was otherwise timely. Rule 8.108(e) provides that such a motion extends the time to file a notice of appeal "until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed*;* or [¶] (3) 180 days after entry of the appealable order." As discussed *post,* we conclude that Garamallo's motion to reconsider was not timely filed, but we find that his appeal fails on the merits in any event.

6

presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  Moreover, Garamallo presents no argument on this issue.  A party asserting trial court error must present argument and legal authority on each point raised or it is waived.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)  Garamallo's briefing argues only that the trial court abused its discretion in granting Daley's motion to dismiss and that the court erred in denying his motion for reconsideration.[10]  We disagree on both points.

C.    *Dismissal Order*

The court dismissed Garamallo's complaint under the authority of Code of Civil Procedure section 581, subdivision (f)(2).  Under that statute, the court may dismiss the complaint when, "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (*Ibid.*)  We review for abuse of discretion.  (*Harlan v. Department of Transportation* (2005) 132 Cal.App.4th 868, 873–874.)  " ' " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " [Citations.]' [Citation.] The abuse of discretion standard warrants that we apply a very high degree of deference to the decision of the . . . court." (*In re J.N.* (2006) 138 Cal.App.4th 450, 459.)  The burden is on Garamallo to establish such abuse.  (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)

Garamallo argues the trial court is partly responsible for his delay in amending the complaint by failing to rule on his July 29, 2013 motion for legal assistance until October 11, 2013.  The motion's face page indicates the October 11, 2013 hearing date

---

[10] On January 30, 2015, Garamallo submitted a late-filed reply brief (in a clearly different hand than his earlier filed hand-written pleadings) alleging additional facts, without citation to the record.  He also attempts to present new facts justifying his delay. We do not consider new matters presented for the first time in a reply brief.  (*People v. Peevy* (1998) 17 Cal.4th 1184, 1206.)  Further, nothing indicates any of this information was presented to the trial court.

was set at the time of filing. Nothing in the record indicates any earlier hearing dates were available on the court's calendar, and nothing indicates Garamallo objected to the setting. He also contends that the court misinformed him when he inquired about the ruling on his final request for extension of time, and that he did not learn of the denial until December 2013. Garamallo reiterates arguments that his failure to comply with the pleading dates set by the court is excusable, and that the court's denial of a third extension of time unreasonable, due to his lack of access to a law library, "third grade reading level," and lack of legal assistance the court found he needed. Garamallo's implicit argument is that he would have timely filed his second amended complaint by January 15, 2014 (the date he requested), and that the court consequently abused its discretion in granting the motion to dismiss.

Garamallo's arguments present several difficulties. First, he fails to provide any information as to representations made to the court in his two earlier requests for extensions of time. Presumably, he indicated an ability to timely file within the period provided in each requested extension. Second, the court was not required to credit Garamallo's claims of being misinformed or misled by the clerk of the court— particularly when Garamallo's prison mailing address is shown on the court's October 28, 2013 order denying his third extension request, and Garamallo does not contend that any other communications from the court failed to reach him. Finally, he did not file, or attempt to file, a second amended complaint until February 21, 2014, when he attached it to his motion for reconsideration.[11] Garamallo was able to submit his pleadings with some alacrity (within three weeks) after receiving notice of the dismissal.

While we are not entirely unsympathetic to obstacles faced by Garamallo in attempting to represent himself while incarcerated in a maximum security penal

---

[11] While we do not reach the merits of the proposed second amended complaint, we note that it appears to suffer from the same defects noted by the trial court in its June 2013 order. The declarations submitted by Garamallo's sisters in support of the complaint state that they and Garamallo's mother entered into the retainer agreement with Daley and paid Daley's fees.

institution, a party who chooses to represent himself is still "to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) The trial court was familiar with the litigation's entire history and had the entire record before it. Garamallo fails to meet his burden to show the trial court abused its discretion in finding a lack of good cause to grant a further extension of time to plead, and in granting Daley's motion to dismiss under Code of Civil Procedure section 581, subdivision (f)(2).

D.    *Motion for Reconsideration*

Garamallo contends his motion for reconsideration was timely and the trial court abused its discretion in denying that motion. The record reflects that a *judgment* of dismissal was entered on January 24, 2014, and that Garamallo did not file his motion to reconsider until February 21, 2014. The court had no authority to rule on the motion. "[A]fter entry of judgment, a trial court has no further power to rule on a motion for reconsideration. 'A court may reconsider its order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not yet been entered. Once judgment has been entered, however, the court may not reconsider it and loses its *unrestricted* power to change the judgment. It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment.' " (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236.)

### III. DISPOSITION

The judgment is affirmed.

9

_____
BRUINIERS, J.


WE CONCUR:


_____
JONES, P. J.


_____
SIMONS, J.