Filed 3/18/14  Smith v JPMorgan Chase Bank CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BELINDA SMITH, | C069803 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201000089981CUFRGDS) |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant and Respondent. | |

A pro. per. plaintiff's wrongful foreclosure case was dismissed and judgment entered against her after the defendant bank's demurrer was sustained with leave to amend and she failed to file an amended complaint within the time allotted by the trial court.  The bank's failure to serve notice of its motion to dismiss compels us to reverse the judgment and remand the case to the trial court with the opportunity for it to exercise its discretion to allow plaintiff the opportunity to amend.

**PROCEDURAL BACKGROUND**

While represented by counsel, plaintiff Belinda Smith filed a complaint alleging 15 causes of action against JPMorgan Chase Bank; Washington Mutual Bank; Empire

1

Realty, Funding & Investments, Inc.; and Quality Loan Service Corporation. According to the complaint, plaintiff ultimately lost her house, allegedly as a result of defendants' predatory lending scheme. Defendant JPMorgan Chase Bank demurred to the complaint, plaintiff's lawyer was relieved as counsel, the trial court sustained the demurrer, and plaintiff was given a month to file and serve an amended complaint. She failed to do so.

Defendant concedes that it did not serve plaintiff with notice of a motion to dismiss the action, mistakenly serving her former lawyer. The trial court granted the motion to dismiss and judgment was entered against plaintiff. She appeals.

Plaintiff's appeal from the judgment of dismissal entered upon her failure to file an amended complaint raises a variety of issues. However, a single issue is dispositive and requires us to remand without consideration of the remaining issues.

## DISCUSSION

Code of Civil Procedure section 581, subdivision (f)(2) states, in relevant part: "The court may dismiss the complaint as to that defendant when . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Dismissal of the complaint when a plaintiff fails to file a timely amendment is discretionary. (*Harlan v. Department of Transportation* (2005) 132 Cal.App.4th 868, 874.) In *Harlan*, the court allowed the plaintiffs to file a belated amendment, although the defendant did not have an opportunity to resist the motion. The defendant argued that dismissal was mandatory because the plaintiffs missed the deadline the court had imposed to file an amendment after sustaining the defendant's demurrer. Rejecting the defendant's argument, the court expressly held that section 581, subdivision (f)(2) places the decision whether to dismiss within the court's discretion. (*Harlan*, at p. 874.)

Here defendant admits that it failed to serve plaintiff with notice of the motion to dismiss and mistakenly served the lawyer who had been removed. Whether the failure to afford plaintiff due process renders the judgment void or voidable (see *Adoption of B.C.*

2

(2011) 195 Cal.App.4th 913, 925; *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98-99; *Lee v. An* (2008) 168 Cal.App.4th 558, 563-565), the matter must be reversed and the case remanded to the trial court to exercise its discretion whether to allow plaintiff to file an amended complaint beyond the period allowed by the order sustaining the demurrer with leave to amend.  Because the trial court retains the discretion to allow an amended complaint, any consideration of the merits of the demurrer is premature and the filing of the amended complaint, if allowed, will moot the demurrer.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court to proceed as directed.  Plaintiff shall recover costs on appeal.


                                        _____RAYE_____, P. J.



We concur:


_____BLEASE_____, J.


_____MURRAY_____, J.

3