Filed 12/5/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JUNHAI BAI et al.,<br><br>    Plaintiffs and Appellants,<br>v.<br><br>STEPHANIE YIP et al.,<br><br>    Defendants and Respondents. | A169027<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-22-601441) |

Junhai Bai and Xiaofei Li (plaintiffs) filed a lawsuit against the San Francisco Unified School District (the District, erroneously sued as "Commodore Stockton School") and Stephanie Yip (collectively defendants), claiming plaintiffs' minor daughter, L.B., was physically abused by her teacher, Yip. The trial court sustained defendants' unopposed demurrer and granted their unopposed motion to strike portions of plaintiffs' original complaint with leave to amend, but without specifying a deadline to amend. Several weeks after the time to amend expired under an applicable rule of court, plaintiffs filed a "[r]evised" version of their complaint, but the trial court did not consider this filing to be an amended complaint. Defendants then filed a motion to dismiss the action under section 581, subdivisions (f)(2), (4) of the Code of Civil Procedure (further unspecified statutory references are to this code), which the court granted.

We exercise our discretion to decide this appeal on a legal issue not briefed or raised below, after giving the parties the opportunity to provide

1

supplemental briefing. Under the longstanding decision of *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824 (*Gitmed*), the filing of an amended complaint, even if untimely, precludes dismissal under section 581, subdivision (f)(2), unless and until the amended complaint is stricken. Here, plaintiffs' "[r]evised" pleading should have been treated as an amended complaint, and accordingly, should have precluded dismissal of the action. We therefore reverse the judgment and the order granting the motion to dismiss, and we remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Initial Accusatory Pleading

In August 2022, plaintiffs, who are self-represented, filed an accusatory pleading entitled, "Prosecution materials for physical child abuse by teachers" (hereafter the complaint) against "Commodore Stockton School" and Yip. The complaint alleged as follows. In March 2022, L.B.'s teacher, Yip, gave L.B. very little food and no water; pulled L.B. by her hair and forced her to stand during nap time; struck and kicked L.B.; and pushed L.B. to kneel down, causing her head to hit the cement floor. In the ensuing days, L.B. complained of chest pain, headache, and nausea. Seeing bruises on L.B.'s forehead, plaintiffs took her to a hospital. Medical reports showed that L.B. had a concussion and a soft tissue contusion on her chest.

The complaint further alleged that the school suffered from a "lack of management," "did not actively face problems and solve problems, did not admit the facts, shielded teachers, ignored the injured students, and aggravated the psychological injury to the child." The complaint included a "**REQUEST FOR LITIGATION**" and sought monetary damages, including $100,000 for mental harm, $100,000 "for impairment of working ability,"

$200,000 for "[f]uture illness risk compensation," and $55,000 for "family care, counseling and escort."

Attached to the complaint were several exhibits, including a police report filed by plaintiffs regarding the alleged abuse; L.B.'s medical records; and an April 19, 2022, "**Investigation Closure Letter**" from the District's Employee Relations Department advising plaintiffs that their allegations regarding L.B. (including "concerns that your student was verbally and physically abused during nap time on March 2, 2022") were investigated and found to be unsubstantiated.

**B. Demurrer and Motion to Strike Portions of Complaint**

In April 2023, defendants demurred to the complaint on various grounds, including:  (1) failure to identify a specific cause of action; (2) failure to identify a statutory basis for liability against the District; and (3) failure to state facts demonstrating compliance with the claim presentation requirements of the California Government Claims Act (the Act) (Gov. Code, § 810 et seq.).  Defendants also moved to strike portions of the complaint specifying the amounts of monetary damages being sought.

Plaintiffs did not file any papers in opposition to the demurrer or motion to strike.

The trial court sustained the unopposed demurrer and granted the unopposed motion to strike portions of the complaint.  Although the court gave plaintiffs leave to amend, it did not specify a deadline for filing an amended complaint.

On May 15, 2023, defendants served plaintiffs with notice of the trial court's orders on the demurrer and motion to strike.

**C. "Revised" Accusatory Pleading**

On June 20, 2023, more than a month after defendant's service of notice of the trial court's orders on the demurrer and motion to strike,

3

plaintiffs filed a new accusatory pleading entitled, "Revised prosecution materials for physical child abuse by teachers." (We will refer to this as the "revised prosecution document," even though we conclude this filing should have been construed as an amended complaint.) The revised prosecution document named the District as a defendant and, like the original complaint, alleged physical abuse of L.B. and inadequate management of the Commodore Stockton school, and sought monetary damages. The revised prosecution document also purported to advance claims by plaintiffs on L.B.'s behalf under a power of attorney. The revised prosecution document attached the same exhibits as the original complaint.

**D. Motion to Dismiss**

Pursuant to section 581, subdivision (f)(2) and (f)(4), defendants moved to dismiss the action, arguing plaintiffs did not file an amended complaint within 10 days of service of the notice of entry of the orders on the demurrer and motion to strike.

On September 6, 2023, plaintiffs filed two responsive documents. The first was entitled, "According to the defendant's motion to amend the plaintiff's indictment, the plaintiff's revised teacher's indictment for intentionally injuring children," and it appeared to reiterate the factual allegations of the revised prosecution document. The second filing was entitled, "The plaintiff's interpretation[] of the modification of the claim," and it appeared to respond to some of defendants' arguments in the motion to dismiss.

On September 25, 2023, the trial court granted defendants' "unopposed 'motion to dismiss for failure to timely amend.' "[1]

---

[1]     It is unclear if the sole basis for granting the motion was the trial court's belief that the motion was unopposed. (See Cal. Rules of Court, rule

4

**E. Judgment and Appeal**

On November 2, 2023, the trial court entered judgment in favor of defendants. The following day, plaintiffs filed a notice of appeal.

**DISCUSSION**

## A. Supplemental Briefing and Post-Briefing Motions by Defendant

During the pendency of this appeal, we requested supplemental briefs from the parties addressing whether, in light of the decision in *Gitmed*, *supra*, 26 Cal.App.4th 824, plaintiffs' filing of the revised prosecution document, even if untimely, prevented the trial court from granting defendants' motion to dismiss under section 581, subdivision (f)(2), (4). In response, we received a supplemental letter brief from defendants, but not from plaintiffs.

Additionally, defendants filed three motions in this court: (1) a motion to take additional evidence under section 909; (2) a motion for judicial notice; and (3) a motion to augment the record under rule 8.155(a). All three motions have the same goal: to put new evidence before this court that defendants, prior to moving to dismiss, attempted to file a demurrer and motion to strike against plaintiffs' "first amended complaint," but the trial court clerk rejected these proposed filings with the following message: " 'There was no First Amended Complaint on file and so the Demurrer and the Motion to Strike to the amended complaint in this transaction cannot be filed.' "

---

8.54(c) [failure to oppose motion may be deemed consent to grant it]; further rule references are to the California Rules of Court.) The record reflects that plaintiffs filed two documents on September 6, 2023, in advance of the hearing on the motion to dismiss, and there is no indication in the record that the trial court refused to consider these filings as opposition papers due to any procedural nonconformities.

5

We grant judicial notice of the trial court clerk's rejection message as a record of the court (Evid. Code, § 452, subd. (d)), but otherwise deny the motions. Because the proposed demurrer and motion to strike were never actually filed, they do not constitute court records for purposes of granting judicial notice (*ibid.*) or augmenting the record (rule 8.155(a)(1)(A)). As for section 909, which authorizes reviewing courts to make new findings of fact on appeal, case law holds that " '[t]he power created by the statute . . . should be invoked sparingly, and only to *affirm* the case.' " (*Dias v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1213, italics added.) Because the proposed new findings of fact would not support affirmance in this case, discretionary fact-finding under section 909 is not appropriate.

**B. Motion to Dismiss**

Generally, an order dismissing an action pursuant to section 581, subdivision (f), is reviewed for abuse of discretion. (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 801–802.) However, the question posed by this appeal is not whether dismissal was an appropriate exercise of discretion, but whether the trial court had the power to dismiss the lawsuit when it did. The scope of the trial court's authority under section 581, subdivision (f)(2), is a question of law that we review de novo. (*City of Desert Hot Springs v. Valenti* (2019) 43 Cal.App.5th 788, 793.)

A trial court may dismiss a complaint after a demurrer to the complaint is sustained or a motion to strike is granted with leave to amend, and the plaintiff fails to amend the complaint "within the time allowed by the court." (§ 581, subd. (f)(2), (4).) Where "the time allowed" for amendment is expressly given, "the time so given runs from the service of notice of the decision or order." (§ 472b.) But where, as here, "the time allowed" for

6

amendment is not expressly given, "leave to answer or amend within 10 days is deemed granted." (Rule 3.1320(g).)

There is no dispute that plaintiffs did not file an amended complaint within 10 days after they were served with notice of the trial court's orders on May 15, 2023. It was not until June 20, 2023, that plaintiffs filed the revised prosecution document. However, the record and judicially-noticed matters reflect that the revised prosecution document, though received and filed in the trial court, was not regarded as an amended complaint. We fail to see why this was the case. The revised prosecution document satisfied the procedural formatting requirements for pleadings under the Code of Civil Procedure by setting forth the name of the court and county in which the action was brought and the title of the action, with the names of all parties in the title. (§§ 422.30, subd. (a), 422.40.) It also provided a statement of facts and demand for relief, as required for complaints. (§ 425.10, subd. (a).) There is simply no indication in the record that the revised prosecution failed to conform to the procedural requirements for pleadings.

Defendants nevertheless contend it was reasonable for the trial court not to recognize the revised prosecution document as an amended complaint because the filing was "confusingly titled" and "did not address or cure any of the deficiencies in the previous complaint." We are not convinced. Although the revised prosecution document was not specifically titled an "amended complaint," it is well-settled that trial courts must liberally construe a pleading with a view to substantial justice between the parties, regardless of the titles and labels attached to it. (*Thomas v. Regents of University of California* (2023) 97 Cal.App.5th 587, 605; *Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202, 219.) The rule of liberal construction naturally extends to the court's consideration of whether a pleading is an attempt to

7

amend a complaint after a successful demurrer and motion to strike. Here, the revised prosecution document was an accusatory pleading that had substantially the same title as the pleading that had hitherto been treated by the parties and the trial court as the original complaint, with the word "Revised" added to the start of the title. If the original filing was understood to be the complaint, we see no reason why the "[r]evised" version of that filing should not have been regarded as the amended complaint. Even if the revised prosecution document did not cure the defects of the original complaint, that circumstance goes to the sufficiency of the substantive allegations therein, not the effect of the document's filing.[2]

Had the trial court appropriately regarded the revised prosecution document as plaintiffs' amended complaint, the settled rule first articulated in *Gitmed*, *supra*, 26 Cal.App.4th 824, would have precluded the court from granting defendants' motion to dismiss under subdivision (f)(2) and (4) of section 581.[3] There, a demurrer to an original complaint was sustained with 20 days' leave to amend, and the plaintiff filed and served his first amended

---

[2] We cannot assume the trial court impliedly struck the revised prosecution document due to its untimely filing. Although section 436, subdivision (b), generally permits a trial court "at any time in its discretion" to strike any pleading not filed in conformity with an order of the court, the more specific rule applicable here is rule 3.1320(i), which states that "[i]f an amended pleading is filed after the time allowed, an order striking the amended pleading *must* be obtained by *noticed* motion under Code of Civil Procedure section 1010." (Italics added.) The record does not reflect that the revised prosecution document was stricken on a noticed motion.

[3] We acknowledge defendants' point that plaintiffs forfeited any claim of error under *Gitmed* by failing to present the issue to the trial court below and in their briefing on appeal. However, because the issue is purely legal and based on undisputed facts, and the parties have been given an opportunity to address the issue in supplemental briefing, we exercise our discretion to reach it on appeal. (*Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 505–506.)

8

complaint one day late. (*Id*. at p. 826.) The defendant then filed an ex parte application for an order of dismissal under section 581, subdivision (f)(2), which the trial court granted. The *Gitmed* court reversed, holding "that the filing of the amended complaint prevented the trial court from entertaining the motion to dismiss. The proper procedure would have been for the defendant to bring a motion to strike the amendment *before* moving to dismiss the complaint. The trial court could then have chosen to exercise its discretion to strike the amendment as untimely and thereafter entertained a motion to dismiss the action." (*Gitmed*, at p. 828.)

Defendants insist *Gitmed* is distinguishable because there, the amended complaint was filed only one day late, whereas the amended complaint here was filed 36 days late. But the brevity of the delay in *Gitmed* was not determinative in the decision. Indeed, *Gitmed* relied on *Brown v. Brown* (1959) 169 Cal.App.2d 54, in which an amended complaint was filed nine months after the demurrer was sustained, but the court nevertheless held, drawing from an analogous rule in default judgment proceedings, that the filing of the amended complaint precluded dismissal. (*Gitmed*, *supra*, 26 Cal.App.4th at p. 827.) *Gitmed* found that *Brown*'s "analogous reasoning squares section 581, subdivision (f)(2) with other pleading situations where '. . . it is generally recognized that an untimely pleading is not a nullity, and it will serve to preclude the taking of default proceedings unless it is stricken. [Citations.]' [Citation.] Accordingly, once the amended pleading is filed, the court must first grant a motion to strike the pleading before the action can be dismissed." (*Gitmed*, at pp. 827–828.)

Defendants attempt to further distinguish *Gitmed* as involving an ex parte application for an order of dismissal, as distinguished from the noticed motion to dismiss brought in this case. We do not read the rule in *Gitmed* to

9

be limited to ex parte applications to dismiss. *Gitmed*'s core holding is that the filing of an amended pleading, even if untimely, precludes dismissal under section 581, subdivision (f)(2), unless and until the untimely pleading is stricken. (See *Gitmed, supra,* 26 Cal.App.4th at p. 828.) Thus, what matters is not that defendants brought a noticed motion under section 581, subdivision (f)(2) and (4), but that an amended complaint was still on file at the time defendants attempted to have it dismissed.

Defendants also argue they attempted to follow the "proper procedure" of moving to strike prior to moving to dismiss (*Gitmed, supra,* 26 Cal.App.4th p. 828), but were prevented from doing so because the trial court clerk rejected their proposed motions. The point is well-taken: their proposed demurrer and motion to strike the revised prosecution document on untimeliness grounds should have been filed and ruled upon. However, we can only speculate as to whether the trial court would have stricken the document as untimely, as courts have broad discretion to accept a late-filed amended complaint without a noticed motion for relief from default. (See *Harlan v. Department of Transportation* (2005) 132 Cal.App.4th 868, 873–875 (*Harlan*).) And even assuming defendants would have prevailed on their demurrer and motion to strike, the court may also have granted plaintiffs leave to amend. We believe the appropriate course in this circumstance is to give the trial court the opportunity to exercise its discretion in the first instance.

On that score, we offer some additional guidance. It is well-settled that self-represented litigants are not entitled to special treatment and are held to the same rules of procedure as an attorney. (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.) Nevertheless, " '[t]rial judges must acknowledge that in propria persona litigants often do not have an attorney's

10

level of knowledge about the legal system and are more prone to misunderstanding the court's requirements.' [Citation.] When one party has counsel and the other does not, the trial court 'should monitor to ensure the in propria persona litigant is not inadvertently misled, either by the represented party or by the court. . . . [S]pecial care should be used to make sure that verbal instructions given in court and written notices are clear and understandable by a layperson. This is the essence of equal and fair treatment, and it is not only important to serve the ends of justice, but to maintain public confidence in the judicial system.' " (*Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 594 (*Petrosyan*).) Moreover, " '[c]larity is important when parties are represented by counsel,' " and even more so for those who " 'may not be familiar with the legal shorthand which is so often bandied around the courtroom or put into minute orders[.]' " (*Id.* at p. 594.) These principles are especially vital "when the self-represented litigant is not a native speaker of the English language and depends on an interpreter." (*Ibid.*)

Although plaintiffs appear to have drafted their own filings throughout this case, they have also indicated they are not native English speakers and have sought the assistance of an interpreter. And, with no disrespect intended, the record and briefing before us suggest plaintiffs may have failed to comprehend some of the legal terms and procedures in this case. Though the law does not generally *require* a trial court to specify the time to amend after ruling on a demurrer or motion to strike (see § 472b; rule 3.1320(g)), some additional degree of clarity and special care may be necessary to serve the ends of justice and maintain public confidence in the judicial system in cases such as this. (See *Petrosyan, supra*, 223 Cal.App.4th at p. 594.) And where that clarity has not been provided, the court may relieve a self-

represented litigant from their default or noncompliance, particularly where the noncompliance does not affect the substantial rights of the parties. (*Harlan*, *supra*, 132 Cal.App.4th at p. 873.)

Finally, we express no opinion on the purported pleading deficiencies in the revised prosecution document except to reinforce some well-settled principles. "[A] pleading is to be liberally construed for purposes of determining its effect, 'with a view to substantial justice between the parties.' " (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1146.) "[I]n considering the merits of a demurrer, 'the facts alleged in the pleading are deemed true, however improbable they may be.' " (*Berg v. Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034.) The court must also look to any exhibits attached to the complaint for operative facts. (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400, 1409.)[4] "If there is a reasonable possibility a demurrable defect could be cured by amendment, it is ordinarily an abuse of discretion to deny leave to amend, a drastic step which leads to complete termination of the pleader's action." (*Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 768.)

---

[4] One of the exhibits attached to plaintiffs' initial and amended complaints was a letter from an investigator with the District's Employee Relations Department reflecting that an investigation of the alleged abuse had been completed. The letterhead contained the names of the District's superintendent of schools, employee relations director, and employee relations investigator, and an assistant superintendent was copied on the letter. We express no opinion on whether this exhibit provides sufficient pleading of compliance or substantial compliance with the claim presentation requirement of the Government Claims Act (see Gov. Code, §§ 905.2, 915; *DiCampli-Mintz v. County of Santa* Clara (2012) 55 Cal.4th 983, 991–992), but assuming the court reaches the merits of the demurrer, we encourage the parties and the court to explore this matter on remand.

12

## DISPOSITION

The judgment and the trial court's order granting defendants' motion to dismiss are reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. In the interest of justice, each side shall bear its costs on appeal.

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Rodríguez, J.

Trial Court:      San Francisco City & County Superior Court

Trial Judge:      Hon. Anne-Christine Massullo

Counsel:      Junhai Bai, in pro. per., for Plaintiffs and Appellants

Bertrand, Fox, Elliot, Osman and Wenzel, Diana S. Godwin
for Defendants and Respondents

*Bai v. Yip* (A169027)